HENDRY, Chief Judge.
This is an appeal by the plaintiff, Claire Whitehurst, from a final judgment of dismissal, entered by the trial judge, sitting without a jury, after plaintiff had completed the presentation of her evidence. The plaintiff filed a complaint against the defendant, J. H. Erstling, for a real estate brokerage commission claimed upon the completed sale of property between the owner, J. H. Erstling and the purchaser, Louis Kirk, who was a defendant below but is not a party to this appeal.
The plaintiff contends that it was error for the trial court to dismiss her cause as the evidence shows that the purchaser was procured during the period in which she had an exclusive right to sell contract, thereby entitling her to a commission.
The contract, dated March 1, 1962, provided that a commission was to be paid if a purchaser was secured within six months by either the plaintiff or defendant or by any other person, or if the property was sold within three months from the termination of the agreement. The agreement was to continue after the six month term unless revoked in writing.
The evidence reveals that the property was conveyed by warranty deed to Louis Kirk on February 4, 1963. The defendant testified that Mr. Kirk had been his close friend for 18 years. In 1962, Mr. Kirk for financial reasons had quickly sold his house and was looking for a place to rent. Since the defendant’s house was empty, Mr. Kirk was able to move in as a lessee on or about June 12, 1962. The plaintiff testified that on March 14, 1962, the defendant notified her that he was negotiating a sale of the property with Mr. Kirk. The defendant asserted that there was no discussion concerning the purchase of the property by Mr. Kirk. On May 22, 1962, the defendant notified the plaintiff in writing that the agreement was to be revoked.
Under an exclusive right to sell contract, the broker is entitled to a commission if the owner sells the property during the life of the contract.[1] If there was an executory contract of sale during the life of the exclusive listing which was completed after that period, the broker is still entitled to a commission.[2] This court has stated that there may be situations in which the absence of a direct employment will not bar a broker from recovering where the broker is found to be the procuring cause of the sale.[3]
An order of the trial court, sitting without a jury, dismissing the plaintiff’s cause after it was determined from the plaintiff’s evidence that she has shown no right to relief should be affirmed unless clearly erroneous.[4] The facts indicate that *235 the sale was not completed until after the life of the contract and that the plaintiff was not the procuring cause of the sale. Further, we have determined that it was not clearly erroneous for the trial court to conclude that there was no executory contract of sale made during the life of the agreement.
Therefore, it is our opinion that the trial court did not err in finding that the plaintiff failed to sustain her burden of proof that she is entitled to a commission and in dismissing the cause.
Accordingly, the judgment appealed is affirmed.
Affirmed.

. Flynn v. McGinty, Fla.1952, 61 So.2d 318.

. Alex D. Smith Real Estate v. Gables Venetian Water, Fla.App.1957, 98 So.2d 372.

. National Airlines, Inc. v. Oscar E. Dooley Assoc., Inc., Fla.App.1964, 160 So.2d 53.

. Tampa Wholesale Co. v. Foodtown, U.S.A., Inc., Fla.App.1964, 166 So.2d 711.