DOWNEY, Judge.
In these consolidated appeals appellant seeks review of two post-judgment orders of the trial court. One order denied appellant’s motion to vacate a final judgment of foreclosure and the other denied appellant’s objection to the foreclosure sale.
Appellee filed a complaint to foreclose its mortgage which secured a promissory note in the amount of $640,000. It was alleged that appellant had defaulted on the note and mortgage by failing to pay the full amount of the note due and owing on January 8, 1990, and for failing to pay the real estate taxes due on the property. Appellant requested and received pretrial production of the original documents involved. *1270 At the hearing on a motion for summary judgment, appellee presented the original documents for the trial court’s inspection; however, said original documents were not retained by the court. Nevertheless, no objection was registered by appellant and summary judgment was, in due course, entered in favor of appellee. Over two months later, on August 9, 1991, appellant filed a motion to vacate the final judgment of foreclosure pursuant to Rule 1.540(b)(4) and (5), Florida Rules of Civil Procedure, on the grounds that the final judgment of foreclosure was void for failure to file the original note and mortgage at the hearing on the motion for summary judgment. Said motion was heard on August 12, 1991, at which time appellee filed the original documents with the court. The motion to vacate was denied and the matter proceeded to sale on August 12th. Thereafter, on August 22, 1991, appellant filed an “Objection to the Foreclosure Sale Under Florida Statute 45.031,” which set forth as grounds therefor that the trial court had altered or amended the final judgment of foreclosure by accepting the filing of the note and mortgage with the court. Said objection was overruled, and separate notices of appeal were filed and consolidated.
Appellee presents several reasons why appellant can not prevail on his first appellate point, i.e., charging error in denying his motion to vacate the judgment of foreclosure, which appellant contends was void for failure to file the original note and mortgage at the summary judgment hearing. The first reason is that appellant failed to preserve the alleged error by objecting in the trial court. See Coquina v. East West Company, 255 So.2d 279 (Fla. 4th DCA1971). It appears evident from the record that this defense was a stall, since there was no real contest on the facts of the case; appellant was simply in default and refused to pay. Furthermore, the note and mortgage were produced pretrial at appellant’s request and there were no defenses directed to said instruments. Finally, the error, if any, was reviewable by plenary appeal from the final judgment. Resort to Rule 1.540 was not appropriate as a substitute for appeal. DeMendoza v. First Federal Savings & Loan Association, 585 So.2d 453 (Fla. 4th DCA1991). See also: Metropolitan Dade County v. Certain Lands Upon Which Assessments are Delinquent, 471 So.2d 191 (Fla. 3d DCA1985); Fiber Crete Homes, Inc. v. Division of Administration, 315 So.2d 492 (Fla. 4th DCA1975).
We have also considered appellant’s second appellate point and find no merit therein.
Accordingly, the orders appealed from are affirmed.
ANSTEAD, J., and WALDEN, JAMES H., Senior Judge, concur.