WOLF, Judge.
This is an appeal from a final judgment awarding appellant a portion of a real estate brokerage commission; appellant asserts that it was entitled to the entire commission.[1] Appellant argues that the trial court erred in a number of respects, two of which have merit. We find that the trial court erred in determining that the “procuring cause doctrine” precluded a full commission award, and in determining that appellee’s lack of understanding of the terms of the parties’ contract also justified less than a full commission award.
The parties in this case entered into a written contract providing appellant with the “exclusive right to sell” a 160-acre parcel of land owned by appellee for a specified price per acre during a specified period of time. Under the terms of the contract, appellant was to receive a commission of ten percent of the gross sale price if the property sold within the contract period. After appellant sold a portion of the property and received a ten-percent commission from appellee for that sale, appellee sold the remaining acreage during the contract period to his neighbor for $195,000 without informing appellant of the sale or paying appellant a commission under the terms of the contract. Appellee had apparently initiated negotiations with his neighbor about the property before the contract period, but did not close the deal until the contract was in effect. When appellant *1200 discovered that the sale had taken place during the contract period, it brought an action against appellant to recover the ten percent commission due for the sale under the terms of the contract.
At trial, appellee neither disputed that he signed the contract with appellant nor that he sold the property to his neighbor during the contract period. Appellee’s only defense was that he did not understand the terms of the contract to mean that he could not sell the property during the contract period to someone with whom he had engaged in prior negotiations without paying appellant a ten-percent commission on the sale. While ap-pellee also asserted at trial that appellant failed to adequately explain the contract’s provisions to him, nothing in the record indicates that appellee had been induced into signing the contract or had been prevented from seeking clarification of the contract’s terms from either appellant or an attorney. The trial court, nonetheless, entered final judgment in favor of appellant for only a portion of the claimed sales commission plus interest, finding that (1) appellant had not been the procuring cause of the sale to appel-lee’s neighbor, and (2) appellee had not totally understood the nature and effect of the parties’ contract.
We agree with appellant that the trial court erroneously applied the “procuring cause doctrine” to the facts of this case to reduce the amount of recovery. A contract that clearly gives a broker the “exclusive right to sell” certain property within a specified period of time entitles the broker to a commission upon sale of the property during the contract period even if the owner makes the sale. See Flynn v. McGinty, 61 So.2d 318, 320 (Fla.1952); Community Cablecasting Corp. v. Daniels & Assocs., Inc., 215 So.2d 17, 19-20 (Fla. 1st DCA 1968), cert. denied, 225 So.2d 533 (Fla.1969). The “procuring cause doctrine” only applies to award a broker a commission on a sale consummated outside the confines of an exclusive right of sale contract when it is clear that the broker was the “procuring cause” of the sale. See Sanson v. Dutcher, Higginbotham & Bass, Inc., 401 So.2d 913, 915 (Fla. 4th DCA 1981); Whitehurst v. Erstling, 184 So.2d 233, 234 (Fla. 3d DCA 1966). It is error to deny a broker a commission on a sale contract during the contract period of an exclusive right of sale agreement'simply because the facts might indicate that the broker had not been the “procuring cause” of the sale. See Raich v. Martha A. Gottfried, Inc., 523 So.2d 1254, 1255 (Fla. 4th DCA)(awarding full commission to broker under parties’ exclusive listing agreement where owners agreed to sell property to a third party during term of agreement after failing to refer purchaser to broker as required by terms of agreement), rev. denied, 534 So.2d 401 (Fla.1988).
We also find that the trial court erroneously determined that appellee need not be completely bound by contractual terms he did not understand. The Florida Supreme Court in Allied Van Lines, Inc. v. Bratton, 351 So.2d 344, 347-48 (Fla.1977) stated,
It has long been held in Florida that one is bound by his contract. Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract, it is binding. No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it.
In this case, appellee presented no evidence indicating that appellant or its agent in any way prevented him from reading the contract before he signed it, and nothing in this record shows that appellee was in any way induced by statements from appellant’s agent into not reading the contract’s terms before he signed it. Appellee should, therefore, have been held to the terms of the parties’ contract.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
JOANOS and VAN NORTWICK, JJ., concur.

. While the record on appeal indicates that ap-pellee filed a timely notice of cross appeal, he has raised no issues on cross appeal. We, therefore, dismiss the cross appeal.