912 So.2d 357 (2005)
Michael GLYNN, Appellant,
v.
FIRST UNION NATIONAL BANK; Esther Glynn; The City of Tamarac; John Doe; Jane Doe, as unknown tenant(s) in possession of the subject property, Appellees.
No. 4D04-1350.
District Court of Appeal of Florida, Fourth District.
October 5, 2005.
John L. Penson of Law Offices of Scott Alan Orth, P.A., Miami Beach, for appellant.
Patricia A. Arango of Law Offices of Marshall C. Watson, P.A., Fort Lauderdale, for Appellee  First Union National Bank.

ON MOTION FOR REHEARING
PER CURIAM.
We deny rehearing en banc, but withdraw our opinion of July 13, 2005, entered in this appeal, and substitute the following opinion in its place.
We affirm an order denying Glynn's motion to vacate a judgment of foreclosure and his objection to clerk's *358 sale. The mortgagee, First Union, acknowledged confusion in the record transfers of the note and mortgage. It sought to re-establish the note in count one of the complaint. Glynn never filed a motion or an answer in the trial court, thereby waiving any claim that First Union lacks standing. "There is no question that lack of standing is an affirmative defense that must be raised by the defendant and that the failure to raise it generally results in waiver." Kissman v. Panizzi, 891 So.2d 1147, 1150 (Fla. 4th DCA 2005). In any event, the record reflects that First Union was in possession of the note at the time it was lost, and the trial court re-established the note pursuant to section 71.011, Florida Statutes.
Further, although an assignment to First Union by its servicing agent, Fairbanks, was not formally executed until after suit was filed, it is clear from the undisputed record that equitable transfer to First Union occurred prior to filing the complaint. There is no transcript of record and, although Glynn was represented by counsel, there was no motion to dismiss, answer, or affidavits filed in opposition to First Union's proofs.
Glynn also argues fraud as a ground to set aside the final judgment. The first time this argument is raised on the record is in his initial appellate brief. This issue may not be raised for the first time on appeal. Rolfs v. First Union Nat'l Bank, 604 So.2d 1269, 1270 (Fla. 4th DCA 1992).
The order denying Glynn's objection to clerk's sale and motion to vacate is affirmed.
STONE, SHAHOOD and MAY, JJ., concur.