CIKLIN, J.
 

 In this case we consider whether the trial court erred in determining that no disputed issues of material fact existed as to a claimed yacht sale commission. Allen-by & Associates, Inc. (“Allenby”), a yacht broker, appeals the final summary judgment in favor of Crown “St. Vincent” Ltd. (“Crown”), the yacht owner, finding Allen-by was not entitled to a commission on the vessel’s sale. Because genuine issues of material fact remain as to whether Allenby was the procuring cause of the sale, we reverse.
 

 In the absence of a special contract, a broker is entitled to a commission when that person is the procuring cause of a sale.
 
 Siegel v. Landquest, Inc.,
 
 761 So.2d 415, 416-17 (Fla. 5th DCA 2000);
 
 First Fla. Realty & Auction Co. v. Peacock,
 
 703 So.2d 1199, 1200 (Fla. 1st DCA 1997). In order to be the procuring cause of the sale of property, the parties must have been brought together and the sale consummated as a result of continuous negotiations conducted by the broker.
 
 Sanson v. Dutcher, Higginbotham & Bass, Inc.,
 
 401 So.2d 913, 915 (Fla. 4th DCA 1981).
 
 See also Rotemi Realty, Inc. v. Act Realty Co.,
 
 911 So.2d 1181, 1189 (Fla.2005) (To earn a commission a broker must initiate negotiations by performing some affirmative act to bring the buyer and seller together, and the broker must remain involved in the continuing negotiations between the seller and the buyer unless they intentionally exclude him from the negotiations.);
 
 Nat’l Airlines, Inc. v. Oscar E. Dooly Assocs.,
 
 160 So.2d 53, 54-55 (Fla. 3d DCA 1964) (“To be the procuring cause the broker must show that he called the potential purchaser’s attention to the property and it was through his efforts the sale was consummated.”).
 

 Genuine issues of material fact remain as to whether Allenby brought the buyer and seller together, initiated negotiations between them, and continued those negotiations — at least until Allenby was, as he claims, excluded.
 
 See Siegel,
 
 761 So.2d 415. In
 
 Fini v. Glascoe,
 
 936 So.2d 52, 54 (Fla. 4th DCA 2006), this court recognized:
 

 
 *1213
 
 The standard of review of an order granting summary judgment is de novo.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party.
 
 Weinstein Design Group, Inc. v. Fielder,
 
 884 So.2d 990, 997 (Fla. 4th DCA 2004). Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c). “[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact.”
 
 Albelo v. S. Bell,
 
 682 So.2d 1126, 1129 (Fla. 4th DCA 1996).
 

 Because genuine issues of material fact remain as to whether Allenby was the procuring cause of the sale, we reverse the order granting summary judgment and remand for further proceedings.
 

 Reversed and remanded.
 

 POLEN and HAZOURI, JJ., concur.