TAYLOR, J.
 

 Princeton Homes, the seller under an agreement for the purchase and sale of a townhome, appeals an adverse summary judgment in the buyer’s action for recovery of a $30,000 deposit made for the purchase of the townhome. In entering summary judgment, the trial court concluded that the buyer, Christine Morgan, had the right to void her contract for the purchase of a townhome from Princeton Homes because she did not receive a disclosure summary under section 720.401, Florida Statutes. We affirm, concluding that the trial court properly entered summary judgment in the buyer’s favor.
 

 We state the facts in the light most favorable to Princeton Homes. In early 2006, Morgan executed a revised purchase agreement in which she agreed to purchase a townhome for $289,900 from Princeton Homes. Pursuant to the contract, Princeton Homes was to construct the townhome in a community known as St. Andrews Park. The breakdown of the contract price was $59,000 for the lot and $230,900 for the completed townhome. Morgan ultimately paid a total of $30,000 as a deposit on the contract.
 

 Paragraph 15 of the contract explained that the townhome was part of a homeowner’s association (“HOA”). Paragraph 15 provided, in relevant part: “As with most planned unit developments, St. Andrews Park has a property owners’ association (the ‘POA’) which is responsible for the maintenance and upkeep of the community and its facilities, and which assesses each homeowner in advance on a quarterly basis.” However, it is undisputed that Morgan never received a disclosure summary pursuant to section 720.401, Florida Statutes.
 

 A corporate representative of Princeton Homes testified during a deposition that Princeton Homes was not the developer of St. Andrews Park, but was merely a builder. At the time the contract was entered into, Princeton Homes did not own the
 
 *209
 
 property.
 
 [1]
 
 Instead, according to Princeton Homes, another entity, Saint Andrews Park, LLC, was actually the developer and owner of the subject property at the time the contract was executed. At some point after Morgan executed the contract with Princeton Homes, Princeton Homes took title to the property and began constructing the townhome.
 

 In November 2007, before Princeton Homes completed construction of the home, Morgan sent Princeton Homes written notice demanding the refund of her $30,000 deposit and advising Princeton Homes that she was voiding the contract. In response, Princeton Homes refused to refund the deposit, but offered to eliminate the HOA assessment.
 

 Morgan then filed suit against Princeton Homes, seeking a return of her deposit on the ground that she did not receive a disclosure summary pursuant to the requirements of section 720.401. Princeton Homes answered and filed a counter-claim for breach of contract and specific performance. After discovery was completed, Morgan moved for summary judgment on her claim to recover the earnest money deposit.
 

 At the hearing on the motion for summary judgment, the trial court noted that there was no dispute that Morgan was not given the disclosure summary required by section 720.401. The trial court concluded that because Morgan was never provided with the required disclosure summary under section 720.401, and because the closing on the property had not occurred, Morgan had the right to void the contract under the statute. Accordingly, the trial court entered a final summary judgment in Morgan’s favor, awarding her the return of the $30,000 deposit together with interest. Princeton Homes now appeals.
 

 The standard of review of an order granting summary judgment is de novo.
 
 See Fla. Bar v. Greene,
 
 926 So.2d 1195, 1200 (Fla.2006). When reviewing an order granting summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party.
 
 Allenby & Assocs., Inc. v. Crown St. Vincent Ltd.,
 
 8 So.3d 1211, 1213 (Fla. 4th DCA 2009). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). “[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact.”
 
 Albelo v. S. Bell,
 
 682 So.2d 1126, 1129 (Fla. 4th DCA 1996).
 

 On appeal, Princeton Homes primarily argues that it had no obligation to provide a disclosure summary under section 720.401 because it was neither the owner nor the developer of the property at the time it entered into the contract with the purchaser. In addressing this argument, we begin with an examination of the statute.
 

 Section 720.401, Florida Statutes, sets forth certain disclosures that must be provided to prospective purchasers of residential parcels subject to a requirement of membership in a homeowners’ association. Section 720.401(1)(a) provides that “[a] prospective parcel owner in a community must be presented a disclosure summary before executing the contract for sale.” The disclosure summary must be in a form substantially similar to a form provided in the statute. § 720.401(1)(a), Fla. Stat. (2005). After setting out the disclosure summary form, section 720.401(1)(a) states the following:
 

 
 *210
 

 The disclosure must be supplied by the developer, or by the parcel owner if the sale is by an owner that is not the developer.
 
 Any contract or agreement for sale shall refer to and incorporate the disclosure summary and shall include, in prominent language, a statement that the potential buyer should not execute the contract or agreement until they have received and read the disclosure summary required by this section.
 

 § 720.401(1)(a), Fla. Stat. (2005) (emphasis added).
 

 Section 720.401(1)(b) provides:
 

 (b) Each contract entered into for the sale of property governed by covenants subject to disclosure required by this section must contain in conspicuous type a clause that states:
 

 IF THE DISCLOSURE SUMMARY REQUIRED BY SECTION 720.401, FLORIDA STATUTES, HAS NOT BEEN PROVIDED TO THE PROSPECTIVE PURCHASER BEFORE EXECUTING THIS CONTRACT FOR SALE, THIS CONTRACT IS VOIDABLE BY BUYER BY DELIVERING TO SELLER OR SELLER’S AGENT OR REPRESENTATIVE WRITTEN NOTICE OF THE BUYER’S INTENTION TO CANCEL WITHIN 3 DAYS AFTER RECEIPT OF THE DISCLOSURE SUMMARY OR PRIOR TO CLOSING, WHICHEVER OCCURS FIRST. ANY PURPORTED WAIVER OF THIS VOIDABILITY RIGHT HAS NO EFFECT. BUYER’S RIGHT TO VOID THIS CONTRACT SHALL TERMINATE AT CLOSING.
 

 Section 720.401(l)(e), in turn, provides:
 

 (c) If the disclosure summary is not provided to a prospective purchaser before the purchaser executes a contract for the sale of property governed by covenants that are subject to disclosure pursuant to this section, the purchaser may void the contract by delivering to the seller or the seller’s agent or representative written notice canceling the contract within 3 days after receipt of the disclosure summary or prior to closing, whichever occurs first. This right may not be waived by the purchaser but terminates at closing.
 

 § 720.401(1)(c), Fla. Stat. (2005).
 

 As noted above, section 720.401(1)(a) includes language providing that “the disclosure must be supplied by the developer,
 
 or by the parcel owner if the sale is by an owner that is not the developer.”
 
 (Emphasis added). Princeton Homes seizes upon this language, arguing that the statute did not require it to provide a disclosure summary because it was neither the developer
 
 [2]
 
 nor the parcel owner
 
 at the time the contract was executed.
 
 This case presents a somewhat unusual situation because here the prospective seller of the townhome did not become the owner of the property until after it executed the contract for sale with the prospective buyer. However, as the trial court recognized, the resolution of this case does not depend upon whether Princeton Homes itself had the duty to provide the disclosure summary to Morgan.
 

 Legislative intent is the polestar that guides this court’s analysis of the
 
 *211
 
 statute.
 
 See, e.g., State v. J.M.,
 
 824 So.2d 105, 109 (Fla.2002). In determining legislative intent, we look primarily to the language of the statute.
 
 See Golf Channel v. Jenkins,
 
 752 So.2d 561, 564 (Fla.2000). Further, “[w]hen the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.”
 
 Daniels v. Fla. Dep’t of Health,
 
 898 So.2d 61, 64 (Fla.2005).
 

 A careful examination of section 720.401 in its entirety sheds light on the legislative intent behind the statute. Section 720.401(l)(a) unequivocally mandates that “[a] prospective parcel owner in a community
 
 must he presented
 
 a disclosure summary before executing the contract for sale.” (Emphasis added). Section 720.401 could not be clearer in its explanation that if the disclosure summary is not provided to a prospective purchaser before the purchaser executes a contract for the sale of property, the purchaser may void the contract “within 3 days after receipt of the disclosure summary or prior to closing, whichever occurs first.” § 720.401(l)(c), Fla. Stat. Moreover, section 720.401(l)(b) requires each contract governed by the statute to contain a specific clause, in conspicuous type, explaining the buyer’s right to void the contract under section 720.401 if the required disclosure summary has not been provided. Thus, the purpose of this statutory right of rescission, and of section 720.401 more generally, is to ensure that prospective purchasers of properties in homeowners’ associations will receive a disclosure summary.
 

 In light of this statutory purpose, we need not decide whether the duty to provide the disclosure summary fell upon the title owner of the property at the time the contract was executed, or instead whether it fell upon Princeton Homes as the subsequent owner and prospective seller of the property under the contract.
 
 [3]
 
 We conclude that regardless of which entity was required to present the disclosure summary, Morgan’s right to void the contract arose because she did not receive the disclosure summary before executing the contract for sale or at any time thereafter. Furthermore, the trial court found, and we agree, that Morgan was never provided with anything that could be deemed to substantially comply with the disclosure requirements of the statute. Thus, Morgan’s right to void the contract remained open when she demanded the refund of her deposit in November 2007, as the closing had not occurred and she never received a disclosure summary prior to voiding the contract.
 

 Princeton Homes also argues that Morgan had knowledge of all or substantially all of the items included in the disclosure summary required by section 720.401, and thus maintains that Morgan should not be permitted to void the contract. This argument is unavailing. The legislature made clear that the statutory right to
 
 *212
 
 void the contract “may not be waived by the purchaser but terminates at closing.” § 720.401(l)(c), Fla. Stat. This is a strong anti-waiver provision, evidencing the legislature’s intent that if the disclosure summary is never provided, the buyer’s right to void the contract is not something that can somehow be waived because of the buyer’s knowledge or sophistication.
 

 In essence, Princeton Homes is asking this court to create an “actual knowledge” exception to the statutory disclosure requirement. This we will not do. It is well-settled that courts in this state are without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications.
 
 Knowles v. Beverly Enters.-Fla., Inc.,
 
 898 So.2d 1, 7 (Fla.2004). Under the statute, Morgan’s right to rescind the contract did not depend upon her level of knowledge concerning the matters that would have been disclosed in the disclosure summary.
 

 Finally, without further comment, we reject the argument that Princeton Homes cured any deficiency regarding section 720.401 by offering to exempt Morgan from paying any assessments relating to the homeowners’ association.
 

 In sum, because Morgan was never provided with the required disclosure summary under section 720.401 and because closing on the property had not occurred, Morgan had the right to rescind the contract when she provided written notice to Princeton Homes in November 2007 that she was voiding the contract. Accordingly, the trial court correctly entered summary judgment in Morgan’s favor.
 

 Affirmed.
 

 WARNER and MAY, JJ., concur.
 

 [1]
 

 . Although Princeton Homes did not own the property at the time the contract was executed, paragraph 11 of the contract provided that Princeton Homes would convey good and marketable title to the purchaser's home at the closing.
 

 [2]
 

 . The parties dispute whether Princeton Homes constituted a "developer” as that term is used in section 720.401. Chapter 720 defines a "Developer” as a person or entity that: (a) creates the community served by the association; or (b) succeeds to the rights and liabilities of the person or entity that created the community served by the association, provided that such is evidenced in writing. § 720.301(6), Fla. Stat. Our disposition of this appeal does not depend upon whether Princeton Homes met the definition of a "developer.”
 

 [3]
 

 . Assuming Princeton Homes is correct that it had no duty to provide the disclosure summary, as the seller of the property it should have nonetheless ensured that the developer or the then-current parcel owner supplied the required disclosure summary to the buyer, and should have incorporated the disclosure summary into the contract.
 
 See
 
 § 720.401(l)(a), Fla. Stat. ("Any contract or agreement for sale shall refer to and incorporate the disclosure summary and shall include, in prominent language, a statement that the potential buyer should not execute the contract or agreement until they have received and read the disclosure summary required by this section.”). Because Princeton Homes did not do this, Princeton Homes ran the risk that Morgan would exercise the right to void the contract, even assuming that the statute did not directly impose a duty on Princeton Homes to provide the disclosure summary under the particular facts of this case.