PEGG, ROBERT L., Associate Judge.
Appellants seek reversal of a summary final judgment of foreclosure. The complaint alleges that Jenny and Galo Valencia were delinquent in making the required loan payments due on December 1, 2003. The mortgage contained a written requirement that the borrowers be given written notice specifying the default, the action needed to cure the default, and the time period of thirty days to do so.
For some reason, the lender had not retained a hard copy of the letter notifying the borrowers of the default, but instead produced two possible letters that could have been sent. Both letters contained a cure date of October 8, 2003. Although *326 the original letter was found by appellants after the summary judgment hearing, it contained a different date and different amount owed.
Before a court may grant summary judgment, the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, must “conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Allenby & Assocs., Inc. v. Crown St. Vincent Ltd., 8 So.3d 1211, 1213 (Fla. 4th DCA 2009) (citing Fla. R. Civ. P. 1.510(c)). The burden is on the moving party for summary judgment to show conclusively the complete absence of any genuine issue of a material fact. Id. The date of default alleged in the complaint and the dates referred to in the “cure letters” are not identical. This creates, by definition, a genuine issue of a material fact.
The order of summary final judgment is reversed and the case remanded for further proceedings.

Reversed and Remanded.

TAYLOR and GERBER, JJ., concur.