75 So.3d 773 (2011)
VENTURE HOLDINGS & ACQUISITIONS GROUP, LLC and Vincenzo Gurrera, Appellants,
v.
A.I.M. FUNDING GROUP, LLC, Appellee.
Real Investments, LLC and Alexander Gonzalez, Appellants,
v.
A.I.M. Funding Group, LLC, Appellee.
Real Investments, LLC and Alexander Gonzalez, Appellants,
v.
A.I.M. Funding Group, LLC, Appellee.
Nos. 4D10-832, 4D10-1159, 4D10-1848.
District Court of Appeal of Florida, Fourth District.
November 23, 2011.
*774 Carol C. Asbury, Fort Lauderdale, for appellants.
Thomas D. Oates of the Law Offices of Oates & Oates, P.A., Pompano, for appellee.
*775 PER CURIAM.
In these consolidated appeals, appellants challenge three separate final summary judgments of foreclosure entered in favor of appellee, A.I.M. Funding Group, LLC. Appellants raise several arguments on appeal, two of which merit discussion: (1) A.I.M., having assigned the promissory note as collateral for a loan, was not the proper party in interest to file suit, and (2) the trial court erred in granting summary judgment for A.I.M. without receiving the original promissory note or accounting for its absence. We find that because A.I.M. did not file the original promissory note or account for its absence before the court entered summary judgment, we must reverse the summary judgment orders in each of the cases. We further find that A.I.M. lacked standing to foreclose at the time it filed its complaints, but that some parties waived the defense of lack of standing. Any remaining issues are rendered moot by our decision and we decline to address them.

Factual Background
In April 2007, Venture Holdings & Acquisitions Group, Inc. and Vincenzo Gurrera, individually, entered into a loan agreement with A.I.M., and gave A.I.M. a mortgage on certain real property. Gurrera, Venture's president, signed the promissory note as a guarantor.
Likewise, Real Investments LLC, entered into two loans with A.I.M, one in January of 2008 and another in May of 2008. In connection with these loans, Real gave A.I.M. a mortgage on two properties. Alexander Gonzalez, Real's president, signed the promissory notes as a guarantor.
There is no dispute that the borrowers failed to remain current on their payments and defaulted on all three loans. Accordingly, A.I.M. filed mortgage foreclosure actions on the three properties.
In case no. 09-19636, A.I.M. sought to foreclose on Venture's property. Gurrera filed a proper answer, but Venture did not. A.I.M. moved for default against Venture and the court granted the motion. This default has not been contested in this appeal.
In case nos. 09-018086 and 09-18089, A.I.M. sought to foreclose on the two properties owned by Real. In case no. 09-018086, Gonzalez filed a proper answer, but Real did not. A.I.M. moved for a default against Real and the court granted the motion. This default has not been contested in this appeal. In case no. 09-18089, however, both Real and Gonzalez answered the complaint.
In each of its complaints, A.I.M. alleged that it "now owns and holds the Mortgage Note and Mortgage." Prior to initiating suit, A.I.M. assigned its interest in the properties as collateral for a loan. This was indicated by an allonge attached to each promissory note. The assignment was still in effect when A.I.M. filed suit.[1]
The circuit court, in each case, determined that no issues of genuine fact were raised by the defendants. In each case summary judgment was entered against the defendants and in favor of A.I.M. These consolidated appeals follow.

Analysis
"The standard of review of an order granting summary judgment is de novo." Allenby & Assocs., Inc. v. Crown St. Vincent Ltd., 8 So.3d 1211, 1213 (Fla. 4th DCA 2009). We examine the record in the light *776 most favorable to the non-moving party. Id. The moving party must conclusively show the absence of any genuine issue of material fact. Id.
An assignment of a promissory note or mortgage, or the right to enforce such, must pre-date the filing of a foreclosure action. Jeff-Ray Corp. v. Jacobson, 566 So.2d 885, 886 (Fla. 4th DCA 1990). A party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing. Progressive Exp. Ins. Co. v. McGrath Community Chiropractic, 913 So.2d 1281 (Fla. 2d DCA 2005). "The assignee of a mortgage and note assigned as collateral security is the real party in interest, that he holds the legal title to the mortgage and note, and that he, not the assignor is the proper party to file a suit to foreclose the mortgage." Laing v. Gainey Builders, Inc., 184 So.2d 897 (Fla. 1st DCA 1966); see also A & B Discount Lumber & Supply, Inc. v. Mitchell, 799 So.2d 301, 307-08 (Fla. 5th DCA 2001).
Here, before A.I.M. filed any of the foreclosure actions below, A.I.M. assigned the promissory note and mortgage to a third party as collateral for a loan. Thus, A.I.M. did not have standing to foreclose on any of the properties at the time it filed suit.
However, "the entry of default precludes a party from contesting the existence of the plaintiff's claim and liability thereon." Fla. Bar v. Porter, 684 So.2d 810, 813 n. 4 (Fla.1966) (citations omitted). Real, in case no. 09-018086, was found to be in default. Venture in case no. 09-19636, was found to be in default. Neither party may contest A.I.M.'s standing at the inception of the suit. See Glynn v. First Union Nat'l Bank, 912 So.2d 357, 358 (Fla. 4th DCA 2005) (holding that a homeowner waived any claim that the bank lacked standing to foreclose where the homeowner never filed a motion or an answer in the trial court).
But even a party in default does not admit that the plaintiff in a foreclosure action possesses the original promissory note. See Lenfesty v. Coe, 34 Fla. 363, 16 So. 277, 278 (1894). "The decree pro confesso cannot be extended to a confession of ownership of the note in complainant up to the time of the master's report and the confirmation thereof by the court, and the authorities above cited sustain the view that a production of the note or securities at the hearing is essential to show complainant's right to judgment then." Id. A.I.M., in order to be entitled to summary judgment, must establish that it is the proper holder of the promissory note. Id.
In this case, A.I.M. failed to produce the original promissory note, failed to account for its absence, and failed to present evidence to otherwise establish it was the proper holder of the note. The allonge established that the note was indorsed to a third party. A.I.M.'s failure to produce the original promissory note, or account for its absence, created a genuine issue of material fact. Lenfesty, 16 So. at 278. For this reason alone, the summary judgments were improper in each of the cases.[2]
Accordingly, in case no. 09-18089, we reverse the final summary judgment and remand with direction that the action be dismissed in its entirety without prejudice.
*777 In case no. 09-19636, we reverse the summary judgment and vacate the final judgment of foreclosure. With regard to appellant Vincenzo Gurrera only, we direct that the action be dismissed without prejudice. With regard to Venture, however, we do not direct dismissal of the action.
In case no. 09-018086, we reverse the summary judgment and vacate the final judgment of foreclosure. With regard to appellant Alexander Gonzalez only, we direct that the action be dismissed without prejudice. With regard to Real, however, we do not direct dismissal of the action.
While A.I.M. is free to file the original promissory note and to move for summary judgment in the actions that have not been dismissed as to Venture and Real, we caution that the absence of Gurrera and Gonzalez from those proceedings would leave those parties' interests unaffected by any judgment.
Reversed and Remanded.
TAYLOR, HAZOURI and LEVINE, JJ., concur.
NOTES
[1] Ultimately, the cause of action was assigned to A.I.M., but this did not occur until after the suits were filed.
[2] A.I.M. possessed the original notes at the hearings for summary judgment, but failed to properly present them to the circuit court. Because the documents were not filed with the clerk of court until well after the entry of summary judgment we cannot determine whether the trial court relied upon them in coming to its decision. Servedio v. U.S. Bank Nat'l. Ass'n, 46 So.3d 1105, 1107 (Fla. 4th DCA 2010).