PER CURIAM.
 

 Affirmed. See Glynn v. First Union Nat’l Bank,
 
 912 So.2d 357, 358 (Fla. 4th DCA 2005) (lack of standing is an affirmative defense that must be raised, failure to raise it results in waiver);
 
 Chem. Residential Mortg. v. Rector,
 
 742 So.2d 300, 300 (Fla. 1st DCA 1998) (by failing to respond to complaint and default entered, appellants waived any denial of its allegations of lack of standing of plaintiff);
 
 Freemon v. Deutsche Bank Trust Co. Am.,
 
 46 So.3d 1202, 1204 (Fla. 4th DCA 2010) (party not entitled to an evidentiary hearing on motion to set aside final judgment for fraud where motion failed to “specify the fraud with particularity and explain why the
 
 *592
 
 fraud, if it exists, would entitle the movant to have the judgment set aside.”).
 

 WARNER, LEVINE and CONNER, JJ., concur.