DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK S. O'CONNOR** and **TONI V. O'CONNOR,**
Appellants,

v.

**U.S. BANK NATIONAL ASSOCIATION** as trustee for **BANK OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-J,**
Appellees.

No. 4D17-2534

[August 15, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Eli Breger, Senior Judge; L.T. Case No. 50-2016-CA-011774-XXXX-MB.

Thomas Erskine Ice of Ice Appellate, Lake Worth, for appellants.

Nancy M. Wallace and Ryan D. O'Connor of Akerman LLP, Tallahassee, and William P. Heller of Akerman LLP, Fort Lauderdale, for appellees.

KLINGENSMITH, J.

The appellants, Frank and Toni O'Connor, appeal the trial court's grant of summary judgment in favor of U.S. Bank. Of the three issues raised on appeal, we find only one has merit.[1] On that point, we agree with the appellants that the trial court erred by awarding certain monies to the Bank in the foreclosure, and reverse the summary judgment only as to those damages. We affirm without comment as to all other issues raised.

In support of their summary judgment motion, the Bank used an affidavit signed by A.J. Loll, vice president of the appellants' loan servicer, Nationstar Mortgage, LLC. In it, Loll included an itemized list of the sums, including hazard insurance and tax advances, allegedly due and owing to the Bank. At the summary judgment hearing, the appellants' counsel

---

[1] The appellants also asserted that the affidavit submitted in support of the Bank's motion for summary judgment failed to fit within the business record exception to the hearsay rule and that the Bank lacked standing to bring the foreclosure action.

disputed the sufficiency of the evidence supporting the amounts claimed for these advances, although the payment history was attached as an exhibit to the affidavit. The Bank's counsel responded, "We believe that all of the insurance and tax advances are in the payment history. And I have red tabs here as to where they are and we can go through them if necessary." When the appellants' counsel requested that the court review the tabbed pages, the trial court orally granted the motion for summary judgment without considering or verifying the contested amounts. This appeal followed.

An appellate court reviews a trial court's order granting summary judgment *de novo*. *See Allenby & Assocs., Inc. v. Crown St. Vincent Ltd.*, 8 So. 3d 1211, 1213 (Fla. 4th DCA 2009). On appeal the reviewing court must examine the record in the light most favorable to the non-moving party. *See id.* "Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotations omitted); *see also* Fla. R. Civ. P. 1.510(c). "'[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact.'" *Allenby*, 8 So. 3d at 1213 (quoting *Fini v. Glascoe*, 936 So. 2d 52, 54 (Fla. 4th DCA 2006)) (further internal quotations omitted).

However, a claim regarding the sufficiency of the evidence presented is reviewed for competent, substantial evidence. *See Lasala v. Nationstar Mortg.*, LLC, 197 So. 3d 1228, 1229 (Fla. 4th DCA 2016). "Typically a foreclosure plaintiff proves the amount of indebtedness through the testimony of a competent witness who can authenticate the mortgagee's business records and confirm that they accurately reflect the amount owed on the mortgage." *Wolkoff v. Am. Home Mortg. Servicing, Inc.*, 153 So. 3d 280, 281 (Fla. 2d DCA 2014).

In reviewing the evidence submitted to the trial court, the "Detail Transaction History" within the payment history business record attached to the affidavit shows the principal amount due on the loan matched what was listed as due in the affidavit. *See id.* at 281-82. The amount claimed for calculated interest also matched the interest listed in the affidavit. *See id.* Both amounts were properly included in the court's final judgment. *See id.* The same can be said generally for the amounts claimed for insurance and tax advances; however, the insurance and tax advances claimed for November 9 and 18, 2011, respectively, are not plainly evident in the payment history.

2

Under ordinary circumstances, a summary judgment can be supported if the undisputed evidence shows that all values matched with the payment history admitted into evidence. *See Michel v. Bank of New York Mellon*, 191 So. 3d 981, 983 (Fla. 2d DCA 2016) ("It is true that Perez did not explain at trial how the principal amount increased after the origination of the loan. But, . . . the payment history admitted into evidence demonstrates that the increase in principal is due to negative amortization . . . ."). However, in this case, a $42,645.76 insurance advance and a $5,716.54 tax advance were not supported by the payment history.

Here, the trial court did not confirm the evidentiary support for the amounts due before entering summary judgment for those amounts in favor of the Bank. By failing to do so, the court's verbatim adoption of the Bank's proposed amounts for insurance and tax advances as listed in the affidavit was error. *See Perlow v. Berg-Perlow*, 875 So. 2d 383, 389-90 (Fla. 2004) (reasoning that trial courts benefit from proposed final judgments in complicated cases but noting that such proposals cannot substitute for a thoughtful and independent analysis of the facts, issues, and law).

Because the record shows that there is a genuine issue of material fact regarding the proper amounts due to the Bank for the insurance and tax advances referenced, we reverse the final judgment as to those amounts and remand for proper consideration of those items by the trial court.

*Affirmed in part, reversed in part and remanded.*

GROSS and CONNER, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

3