DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WAYNE CULBERTSON** and **BETH CULBERTSON,**
Appellants,

v.

**21st MORTGAGE CORPORATION,**
Appellee.

No. 4D18-164

[December 19, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE 14-021051 (11).

James R. Ackley of Law Offices of James R. Ackley, P.A., West Palm Beach, for appellant.

Sonia Henriques McDowell of Quintairos, Prieto, Wood & Boyer, P.A., Orlando, for appellee.

PER CURIAM.

We affirm the summary final judgment in all respects but one — genuine issues of material fact remained regarding the amounts owed by the borrowers for private mortgage insurance (PMI) and interest on the note.

When summary judgment was entered, the loan had been in default for nearly eight years. The bank submitted an affidavit in support of its motion for summary judgment. Loan histories from several servicers were attached to the affidavit and the affiant stated that her testimony was based on her review of these records.

"Under ordinary circumstances, a summary judgment can be supported if the undisputed evidence shows that all values matched with the payment history admitted into evidence." *O'Connor v. U.S. Bank Nat'l Ass'n*, 253 So. 3d 628, 630 (Fla. 4th DCA 2018). Here, the amounts awarded for PMI and interest are not supported by the loan histories attached to the affidavit.

Only one of the loan histories includes any payments for PMI, and the sum of those payments is less than the amount claimed in the affidavit and awarded in the final judgment.[1]  On the issue of interest, the loan histories are incomplete and show varying interest rates, while the affidavit sets forth a fixed interest rate since default.  The final judgment awarded the amount of interest claimed in the affidavit.[2]

While the bank established its entitlement to damages for PMI and interest, because the values awarded do not match the loan histories admitted into evidence, the bank failed to establish the amount recoverable for those items at summary judgment.  We reverse and remand to the circuit court for further proceedings on those damages items and for the entry of an amended final judgment.

GROSS, MAY, JJ., and CARACUZZO, CHERYL, Associate Judge, concur.

*      *      *

**_Not final until disposition of timely filed motion for rehearing._**

---

[1] The loan history shows 65 PMI payments while the final judgment awards damages for 90 PMI payments.

[2] The affiant stated that interest was 4.125% from October, 2009-May, 2017, but this was an adjustable rate note, and the loan history shows interest rates ranging from 3.375% to 7.625% during the same period.