# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2085
Lower Tribunal No. 21-18516
_____

**Jeffrey Bydalek,**
Appellant,

vs.

**Eduardo Saenz,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Rodolfo Nuñez, P.A., and Rodolfo Nuñez, for appellant.

Lerman & Whitebook, P.A., and Carlos D. Lerman (Hollywood), for appellee.

Before EMAS, LINDSEY and BOKOR, JJ.

EMAS, J.

Jeffrey Bydalek, the defendant below ("Seller"), appeals final summary judgment entered in favor of Eduardo Saenz, the plaintiff below ("Buyer"), in an action filed by Buyer following a failed real estate transaction for the purchase and sale of a residential condominium unit.

Pursuant to the terms of the purchase agreement and an addendum thereto, the closing was scheduled to take place on May 4, 2021. The agreement contained a condominium rider, which provided:

> THIS AGREEMENT IS VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER'S INTENTION TO CANCEL WITHIN 3 DAYS, EXCLUDING SATURDAYS, SUNDAYS AND LEGAL HOLIDAYS, AFTER THE DATE OF EXECUTION OF THIS AGREEMENT BY THE BUYER **AND RECEIPT BY BUYER** OF A CURRENT COPY OF THE DECLARATION OF CONDOMINIUM, ARTICLES OF INCORPORATION, BYLAWS AND RULES OF THE ASSOCIATION, AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION AND FREQUENTLY ASKED QUESTIONS AND ANSWERS DOCUMENT, IF SO REQUESTED IN WRITING. ANY PURPORTED WAIVER OF THESE VOIDABILITY RIGHTS SHALL BE OF NO EFFECT. BUYER MAY EXTEND THE TIME FOR CLOSING FOR A PERIOD OF NOT MORE THAN 3 DAYS, EXCLUDING SATURDAYS, SUNDAYS AND LEGAL HOLIDAYS, AFTER THE BUYER RECIEVES THE DECLARATION OF CONDOMINIUM, ARTICLES OF INCORPORATION, BYLAWS AND RULES OF THE ASSOCIATION, AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION AND FREQUENTLY ASKED QUESTIONS AND ANSWERS DOCUMENT, IF REQUESTED IN WRITING. **BUYER'S RIGHT**

**TO VOID THIS AGREEMENT SHALL TERMINATE AT CLOSING.**[1]

(Emphasis added).

Although the closing was scheduled for May 4, 2021, it is undisputed that the closing never took place. On May 13, 2021, Buyer notified Seller that Buyer was canceling the agreement for failure to receive the above-referenced condominium documents, and demanded the return of his deposit. When Seller refused to return the deposit, Buyer filed suit for breach of contract. Seller contended that Buyer was not entitled to the return of his deposit because Buyer had failed to close on the agreed-upon date and that the right to void the agreement terminated on the agreed-upon date scheduled for closing, even if the closing never took place.

Buyer filed a motion for summary judgment, asserting that because he canceled the agreement prior to his receipt of the condominium documents, he was authorized under the agreement to void the agreement and was thereby entitled to return of his deposit as a matter of law. Seller argued that

---

[1] This voidability provision is mandated by statute which, as discussed infra, requires an agreement for the sale of a residential condominium unit to include the operative language above. See § 718.503(2)(d)2., Fla. Stat. (2021). The statute further provides: "A contract that does not conform to the requirements of this paragraph is voidable at the option of the purchaser prior to closing."

Buyer's right to void the agreement on the basis of a failure to provide the requisite condominium documents terminated on the date of the scheduled closing and therefore, the Buyer's cancellation nine days after the scheduled closing date was of no effect.

After a hearing, the trial court granted Buyer's motion for summary judgment, finding that because Buyer never received the condominium documents required under the agreement, and because a closing (though scheduled) never took place, Buyer maintained the right to void the agreement. The trial court later denied Seller's motion for rehearing, and this appeal followed.

We review de novo the trial court's construction of a contract and of a statutory provision. See Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000); Priority Med. Ctrs., LLC v. Allstate Ins. Co., 319 So. 3d 724, 726 (Fla. 3d DCA 2021).

The language contained in the agreement at issue is imported verbatim from section 718.503(2)(d)2., Fla. Stat. (2021), which provides that an agreement for the sale of a residential condominium unit must contain the following clause in conspicuous type:

> THIS AGREEMENT IS VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER'S INTENTION TO CANCEL WITHIN 3 DAYS, EXCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS, AFTER THE DATE OF

4

EXECUTION OF THIS AGREEMENT BY THE BUYER **AND RECEIPT BY BUYER OF A CURRENT COPY OF THE DECLARATION OF CONDOMINIUM, ARTICLES OF INCORPORATION, BYLAWS AND RULES OF THE ASSOCIATION, AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION AND FREQUENTLY ASKED QUESTIONS AND ANSWERS DOCUMENT IF SO REQUESTED IN WRITING.** ANY PURPORTED WAIVER OF THESE VOIDABILITY RIGHTS SHALL BE OF NO EFFECT. BUYER MAY EXTEND THE TIME FOR CLOSING FOR A PERIOD OF NOT MORE THAN 3 DAYS, EXCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS, AFTER THE BUYER RECEIVES THE DECLARATION, ARTICLES OF INCORPORATION, BYLAWS AND RULES OF THE ASSOCIATION, AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION AND FREQUENTLY ASKED QUESTIONS AND ANSWERS DOCUMENT IF REQUESTED IN WRITING. **BUYER'S RIGHT TO VOID THIS AGREEMENT SHALL TERMINATE AT CLOSING**.

(Emphasis added).

The significant portion of this statutory language is the last sentence, which provides: "**BUYER'S RIGHT TO VOID THIS AGREEMENT SHALL TERMINATE AT CLOSING**" (emphasis added). "At closing" means when the closing occurs; takes place; is consummated. Thus, under the plain language of the statute, and the corresponding purchase agreement, Buyer's right to void the agreement had not terminated because the closing had not occurred. Seller urges this court to construe the plain language above to mean that the buyer's right to void the agreement terminates "on the date agreed upon for closing," even if the closing does not actually occur.

5

However, "[w]hen the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 64 (Fla. 2005). "It is a well-established tenet of statutory construction that courts 'are not at liberty to add words to the statute that were not placed there by the Legislature." State v. J.M., 824 So. 2d 105, 111 (Fla. 2002) (quoting Hayes v. State, 750 So. 2d 1, 4 (Fla. 1999)). We "do not have the authority to ignore plain and unambiguous language under the guise of interpretation." Housing Opportunities Project v. SPV Realty, LC, 212 So. 3d 419, 421 (Fla. 3d DCA 2016). If the Legislature (or the parties to the agreement) intended to provide that the buyer's right to void the agreement terminated "on the date agreed upon for closing" rather than "at closing," it should have said so. Fla. Convalescent Ctrs. v. Somberg, 840 So. 2d 998, 1001 (Fla. 2003) ("Logically, if the Legislature had intended for the Nursing Home Act to be limited by the Wrongful Death Act, it would have said so, rather than broadly providing not only for damages but also for a personal representative to claim those damages").

We find helpful the decision of the Fourth District Court of Appeal in Princeton Homes, Inc. v. Morgan, 38 So. 3d 207 (Fla. 4th DCA 2010), which construed an analogous voidability provision of Florida's Homeowners'

6

Associations Act (Chapter 720), which requires a disclosure containing nearly identical language in sales contracts involving property subject to homeowners' associations membership: "BUYER'S RIGHT TO VOID THIS CONTRACT SHALL TERMINATE AT CLOSING." See Fla. Stat. § 720.401(1)(b) (2010). Our sister court, construing this provision, held that the buyer's "right to void the contract remained open when she demanded the refund of her deposit in November 2007, as the closing had not occurred and she never received a disclosure summary prior to voiding the contract." Princeton, 38 So. 3d at 210. Notwithstanding the above holding, Seller contends that Princeton Homes is distinguishable because in that case the closing date had not yet occurred when the buyer voided the agreement; in the instant case, by contrast, the closing date had already come and gone (but no closing had taken place) by the time Buyer voided the agreement. We acknowledge the distinction, but conclude it is one without a difference. In both Princeton Homes and the instant case, the operative statutory and contractual language provided that the buyer's right to void the agreement "shall terminate at closing." In Princeton Homes, as in the instant case, there never was a closing at which that right would terminate. We find no merit in the remaining arguments raised by Seller.

Affirmed.

7