DELL, Judge.
The Greenwalds appeal the dismissal with prejudice of their second amended foreclosure complaint against Triple D Properties, Inc. (Triple D), Canfla, Inc. (Canfla), and Florida National Bank of Miami (Bank). We affirm.
In 1978, appellants became third mortgagees on real property owned by Triple D. On March 9, 1981, appellants assigned the third mortgage to the Bank. The Bank recorded the assignment the next day. After appellants assigned this third mortgage they filed a complaint to foreclose it based on Triple D’s failure to timely pay second mortgages on various parcels of the property encumbered by the third mortgage. Triple D moved to dismiss the foreclosure complaint for failure to join the Bank as an indispensable party and because appellants had no right to bring the foreclosure action since they had relinquished this right to the Bank by assignment. Appellants responded to the motion to dismiss by filing appellant Allen Greenwald’s affidavit wherein he stated that the original assignment to the Bank did not transfer appellants’ control and authority over the mortgage because appellants had obtained a reassignment of the mortgage from the Bank. Following a hearing, the trial court granted Triple D’s motion to dismiss with leave to amend.
Appellants amended their complaint and alleged that the Bank had only a security interest in the mortgage, that appellants retained all of their rights, including the right to accelerate and foreclose during the period of assignment and that appellants had received a reassignment of mortgage from the Bank. Triple D moved to dismiss the amended complaint on three grounds: the conflict between appellants’ amended allegations of their rights to accelerate and foreclose the mortgage and the express terms of the assignments attached as exhibits to the amended complaint; the failure to allege a continuing default at the time of reassignment on September 1, 1981; and the failure to allege an actual default under the second mortgages as a prerequisite to foreclosure of appellants’ third mortgage. The trial court dismissed the amended complaint with leave to amend.
Appellants’ second amended complaint added the Bank as a defendant and alleged that “Triple D’s default continued subsequent to June 9, 1981,” the date of the original foreclosure complaint. Triple D moved to dismiss the second amended complaint on the same grounds presented in its motion to dismiss the amended complaint. The trial court dismissed the second amended complaint with prejudice and this appeal followed.
Appellants contend that the second amended complaint did state a cause of action for foreclosure sufficient to survive a motion to dismiss, that they are the real parties in interest and that they properly accelerated the mortgage. We affirm the dismissal of the second amended complaint for failure to allege that the default continued after reassignment.
In order to withstand a motion to dismiss for failure to state a cause of action, *187 a complaint need only state ultimate facts sufficient to indicate the existence of a cause of action. Hammonds v. Buckeye Cellulose Corporation, 285 So.2d 7 (Fla.1973). Appellants allege that notwithstanding their assignment to the Bank, they retained the right to accelerate and foreclose based on a default occurring during the assignment to the Bank. This allegation conflicts with the unqualified language of that assignment, which appellants attached as an exhibit to both the amended and second amended complaint. As this Court has stated:
When there is an inconsistency between the general allegations of material fact in the complaint and the specific facts revealed by the exhibit, and they have the effect of neutralizing each other, the pleading is rendered objectionable. Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1971), cert. den., 252 So.2d 797 (Fla.1971); Padgett v. First Federal Savings and Loan Association of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979).
Schweitzer v. Seaman, 383 So.2d 1175, 1178 (Fla. 4th DCA 1980). The second amended complaint stood subject to dismissal based on the clear, unconditional wording of the assignment to the Bank. On its face, the assignment terminated appellants’ right to accelerate and foreclose during the period of assignment. The second amended complaint failed to allege any default existing after appellants reacquired the right to accelerate on September 1, 1981.
We do not find an abuse of discretion in the dismissal of the second amended complaint without leave to amend. After the dismissal of their amended complaint with leave to amend, appellants were on notice that they should allege a continuing default after the date of reassignment of the mortgage. Appellants either could not or would not do so. Therefore, the trial court properly entered a dismissal with prejudice. As we affirm the trial court’s action on this point, we need not discuss appellants’ other arguments.
Accordingly, we affirm the final order of dismissal with prejudice.
AFFIRMED.
LETTS, C.J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.