984 So.2d 540 (2008)
THREE PALMS ASSOCIATES, Appellant,
v.
U.S. # 1 FITNESS CENTERS INC., Norberto Rodriguez, Wells Fargo Bank Minnesota, N.A., Bankunited, FSB, Financial Pacific Leasing, LLC, and Colonial Pacific Leasing Corporation, Appellees.
Nos. 4D06-3163, 4D06-4609.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
Steven L. Winig of Steven L. Winig, P.A., and Lynn G. Waxman of Lynn G. *541 Waxman, P.A., West Palm Beach, for appellant.
Ronald L. Giroux, Miami, for appellees.
TUTER, JACK, Associate Judge.
Three Palms appeals the trial court's final order determining Three Palms and U.S. 1 Fitness Centers had entered into a settlement agreement which was a novation of the original lease and that neither party is entitled to damages or attorney's fees. Three Palms also argues the trial court erred in denying its motion for attorney's fees pursuant to a prevailing party clause in the original lease. We reverse in part, affirm in part, and remand for further proceedings as detailed herein.
U.S. 1 Fitness began to experience financial hardships shortly after entering into a lease agreement with Three Palms, resulting in difficulty in making its rent payments. The parties engaged in settlement negotiations on two occasions in an attempt to resolve the issue. After a second settlement session the parties were unable to reach an agreement for past or future rent obligations. Instead, the parties verbally agreed U.S. 1 Fitness would be relieved of future rent obligations in exchange for a piece of property previously pledged by Norberto "Burt" Rodriguez, president of U.S. 1 Fitness. Further, "Rodriguez" would be released from any personal guarantees on the original lease. Soon after the parties reached a verbal agreement, U.S. I Fitness alleged non-compliance and filed a breach of contract action against Three Palms. Three Palms responded by filing its own breach of contract action.
After a trial on the breach of contract action, the trial court entered a final order determining the parties had reached a settlement agreement in March 2003 even though the agreement had not been reduced to writing. The court determined both parties had acted in accord with the terms of the settlement agreement in their subsequent actions, thereby changing the terms of the original lease agreement.
The trial court determined the settlement agreement was a novation of the original lease and found neither party was entitled to recover under the original lease. The trial court further found that as Three Palms had sued on the original lease rather than on the settlement agreement, it was not entitled to recover damages for breach of the settlement agreement. Three Palms had asserted, as one of its affirmative defenses, that U.S. I Fitness had breached the settlement agreement and asked the trial court to treat the affirmative defense as a counterclaim. At trial, the trial court denied Three Palms' motion to amend the pleadings to conform to the evidence.
Three Palms argues the trial court should have treated its affirmative defenses incorporating the settlement agreement as a counterclaim pursuant to Florida Rule of Civil Procedure 1.110(d). Three Palms asserts the issues relating to the settlement agreement were tried by consent, as both parties conceded to the existence of a settlement agreement at trial, and both parties litigated issues regarding terms of the settlement agreement. Therefore neither was surprised or prejudiced by evidence relating to the terms of the agreement.
Rule 1.190(b) states, in relevant part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fla. R. Civ. Pro. Rule 1.190(b). "In the absence of an abuse of discretion, a trial court's ruling on a motion to amend the pleadings will not be disturbed on appeal." Frenz Enters., Inc. *542 v. Port Everglades, 746 So.2d 498, 503 (Fla. 4th DCA 1999).
We find it was an abuse of discretion for the trial court to refuse to permit Three Palms to assert a counterclaim which conformed to the evidence at trial. See Fuente v. S. Ocean Transport, Inc., 933 So.2d 651, 654 (Fla. 3d DCA 2006). "Leave to amend to add a counterclaim should be liberally granted." All of the issues regarding the settlement agreement were tried by consent and neither party can claim surprise or prejudice. We therefore reverse the trial court's denial of Three Palms' motion to amend its pleadings to conform to the evidence.
As we affirm the trial court's determination as to the novation, we also affirm the trial court's denial of attorney fees to both parties, which was based on the original lease agreement. The order appealed is thus reversed in part, affirmed in part, and remanded for further proceedings.
STONE and MAY, JJ., concur.