WARNER, J.
Appellant challenges the denial of her motion to vacate a final judgment of foreclosure. She claims that appellee had no “constitutional standing” to bring the suit because appellee had not proved that it was duly assigned the mortgage note prior to the suit being filed. Because appellant defaulted, she cannot contest, as she tries to do in her post-judgment motion, the allegations of the complaint that the appel-lee was the owner and holder of the note and mortgage. See State Farm Mut. Auto. Ins. Co. v. Horkheimer, 814 So.2d 1069, 1072 (Fla. 4th DCA 2001) (“When a default is entered, the defaulting party admits all well-pled factual allegations of the complaint.”); Chem. Residential Mortg. v. Rector, 742 So.2d 300 (Fla. 1st DCA 1998) (failure of defendant to answer complaint waived any denial of complaint’s allegations that the mortgagee plaintiff was the owner and holder of the note and mortgage and that defendant had defaulted thereon). The original note and mortgage were filed in the foreclosure action and entitled appellee to the final judgment of foreclosure it obtained. See State St. Bank and Trust Co. v. Lord, 851 So.2d 790, 791 (Fla. 4th DCA 2003).
*366 Appellant’s other challenges contend that the documents submitted in support of the complaint and the motion for summary judgment were faulty or inadmissible. Motions pursuant to Florida Rule of Civil Procedure 1.540(b) cannot be used as a substitute for a motion for rehearing or an appeal. See Commonwealth Land Title Ins. Co. v. Freeman, 884 So.2d 164, 167 (Fla. 2d DCA 2004). Appellant is not entitled to relief.

Affirmed.

DAMOORGIAN and GERBER, JJ., concur.