TAYLOR, J.
Jean Phadael appeals a non-final order denying his rule 1.540(b) motion to vacate a final judgment of foreclosure. We conclude that because Phadael was defaulted and he failed to defend the action at any point before entry of the final judgment, his claim that Deutsche Bank lacked standing at the inception of the suit is not a ground for setting aside the judgment as “void” under rule 1.540(b)(4). We therefore affirm.
On July 29, 2009, Deutsche Bank filed a two-count mortgage foreclosure complaint against Jean Phadael. Count I sought to re-establish a promissory note, alleging that the original note was lost or destroyed, that Deutsche Bank “is the owner of said note,” and that Deutsche Bank was in possession of the note when the loss of possession occurred. Count II sought to foreclose a mortgage on Phadael’s real property, alleging that Phadael was in default under the note and mortgage. The copy of the mortgage attached to the complaint stated that the lender was Amnet Mortgage, Inc., and that the mortgagee was MERS.
Phadael did not file an answer or otherwise respond to the complaint, and a default was entered against him. Phadael never moved to set aside the default.
On or about the same day as the summary judgment hearing, Deutsche Bank filed in the circuit court the original note, the original mortgage, and an “Amended Affidavit of Indebtedness.” The original note contained an undated special endorsement in favor of Deutsche Bank. Additionally, the Amended Affidavit of Indebtedness stated that Deutsche Bank was “the designated holder of the mortgage and note,” and that Phadael defaulted under the terms of the note and mortgage.
Following the summary judgment hearing, the trial court entered a final judgment of foreclosure. Subsequently, Pha-dael, through counsel, filed a motion to vacate the final judgment of foreclosure, arguing primarily that the judgment should be vacated under Florida Rule of Civil Procedure 1.540(b)(4) because the judgment was “void ab initio” due to Deutsche Bank’s lack of standing on the date it filed the complaint. The trial court denied the motion to vacate, prompting this appeal. On appeal, Phadael mainly argues that Deutsche Bank lacked standing to foreclose, specifically at the inception of the lawsuit.
A trial court may relieve a party from a final judgment on the ground that “the judgment or decree is void.” Fla. R. Civ. P. 1.540(b)(4). An appellate court reviews an order on a rule 1.540(b) motion for relief from judgment under an abuse of discretion standard. See Freemon v. Deutsche Bank Trust Co. Ams., 46 So.3d 1202, 1204 (Fla. 4th DCA 2010).
Florida Rule of Civil Procedure 1.140(b) provides that every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required. However, the rule identifies seven defenses that a defendant may raise by motion before pleading. Fla. R. Civ. P. 1.140(b). “A motion making any of these defenses shall be made before pleading if a further pleading is permitted.” Id. Furthermore, “[a]ny ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time.” Id. Accordingly, defenses are generally waived if not *895 raised by pre-answer motion or responsive pleading. Fla. R. Civ. P. 1.140(h)(1). Likewise, a default terminates the defending party’s right to further defend, except to contest the amount of unliquidated damages. Donohue v. Brightman, 939 So.2d 1162, 1164 (Fla. 4th DCA 2006). When a default is entered, the defaulting party admits all well-pled factual allegations of the complaint. Id.
We have previously explained that lack of standing is an affirmative defense that must be raised by the defendant and the failure to raise it generally results in waiver. See Glynn v. First Union Nat’l Bank, 912 So.2d 357, 358 (Fla. 4th DCA 2005) (holding that a homeowner waived any claim that the bank lacked standing to foreclose where the homeowner never filed a motion or an answer in the trial court); see also Schuster v. Blue Cross & Blue Shield of Fla., Inc., 843 So.2d 909, 912 (Fla. 4th DCA 2003); but cf. Maynard v. Fla. Bd. of Educ., 998 So.2d 1201, 1206 (Fla. 2d DCA 2009) (holding that while standing may not be raised for the first time on appeal, the defendant does not necessarily have to raise standing only by means of an affirmative defense; it was sufficient to raise it in a motion to set aside verdict because “the pertinent question is whether the issue was raised at the trial court, not how it was raised”).
Here, Phadael did not file an answer, he was defaulted, and he never defended this action at all before the final judgment of foreclosure. If the issue of standing cannot be raised for the first time on appeal from a final judgment, it follows that it cannot be raised for the first time in a motion to set aside a judgment under rule 1.540(b)(4). A rule 1.540(b) motion is not a substitute for a motion for rehearing or an appeal. See Beaulieu v. JPMorgan Chase Bank Nat’l Ass’n, 80 So.3d 365 (Fla. 4th DCA 2012). Even where a judgment is entered in favor of a plaintiff that lacks standing, the judgment is merely voidable, not void. See Jones-Bishop v. Estate of Sweeney, 27 So.3d 176, 177 (Fla. 5th DCA 2010). A judgment that is merely voidable cannot be set aside under rule 1.540(b)(4). See Miller v. Preefer, 1 So.3d 1278, 1282 (Fla. 4th DCA 2009). Because Phadael was defaulted and never defended the action at any point before the entry of the final judgment, the claim that Deutsche Bank lacked standing at the inception of the suit would, at most, render the judgment voidable, not void. Therefore, the judgment may not be .set aside as “void” under rule 1.540(b)(4). See Beaulieu, 80 So.3d at 365 (“Because appellant defaulted, she cannot contest, as she tries to do in her post-judgment motion, the allegations of the complaint that the appellee was the owner and holder of the note and mortgage”).

Affirmed.

DAMOORGIAN and GERBER, JJ„ concur.