POLEN, J.
Appellants, Gafoor Jaffer and Nina Jaf-fer, appeal the trial court’s order denying their amended motion to vacate default, set aside summary judgment, and cancel sale in an underlying foreclosure action. In support of its case, Chase Home Finance, LLC (“Chase”) filed affidavits signed by representatives of the company. Later, Chase filed a letter with the trial court, admitting that some of its affidavits may have been signed by individuals without personal knowledge of the facts therein. As such, we remand this case to the trial court, limited strictly to the determination of whether the affidavits filed in this case were based on the personal knowledge of the affiant.
Chase filed a mortgage foreclosure complaint and an amended mortgage foreclosure complaint against the Jaffers. The amended complaint states that Chase is the holder of the note and mortgage and is entitled to enforce the same against the property owner, the Jaffers. The Jaffers defaulted and Chase declared the entire amount on the note due. In anticipation of a hearing on its motion for summary judgment in the course of this foreclosure case, Chase filed an affidavit as to amounts due and owing. The affiant was Mary Cook, employee of Chase.[1] Cook averred as to Chase’s practice regarding its books, records, and documents and stated that she had personal knowledge of the sums of money owed by the Jaffers. After the summary judgment hearing, the court entered final summary judgment of mortgage foreclosure in favor of Chase, making the unpaid principal balance, interest, late charges, miscellaneous fees and expenses, and taxes due. Public sale was set for September 1, 2010, at 10:00 a.m.
Chase filed a motion to cancel foreclosure sale, attaching a letter stating that “[i]t has come to the attention of Chase ... that in some cases employees in Chase’s mortgage foreclosure operations may have signed affidavits about loan documents on the basis of file reviews done by other personnel — without the signer personally having reviewed those loan files.” The court granted Chase’s motion to cancel the sale. The Jaffers filed a motion to vacate default, set aside summary judgment and cancel sale, pursuant to Florida Rule of Civil Procedure 1.540(3)-(5). The trial court entered an order denying the Jaffers’ motion. This appeal timely followed.
The Jaffers argue that the affidavit in support of Chase’s motion for summary judgment was never confirmed as valid after Chase placed the authenticity of its affidavits at issue in its motion to cancel foreclosure sale. Therefore, the Jaffers contend that the trial court erred in its failure to set aside default and summary judgment when Chase placed its own underlying evidence into question.
“Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.” McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 172 (Fla. 4th DCA 2012). Here, Chase filed a motion to cancel foreclosure sale, stating that it filed an affidavit of indebtedness in support of its motion for summary judgment and that it accurately reflected the Jaffers’ debt. However, Chase also submitted a letter, providing that it was internally investigating the validity of its affidavits, as person *242 nel without proper personal knowledge had signed such documents.
“Under rule 1.510(e), Florida Rules of Civil Procedure, affidavits must be based on personal knowledge, set forth facts which would be admissible in evidence, and show ‘the affiant is competent to testify to the matters stated therein.’ ” Coleman v. Grandma’s Place, Inc., 63 So.3d 929, 932 (Fla. 4th DCA 2011).
Chase’s motion for summary judgment states that the Jaffers are in default and that all of their outstanding expenses are detailed in an affidavit as to attorney’s fees and costs. The affidavit as to amounts due and owing was later filed in support of the motion for final summary judgment. The Jaffers filed an affidavit in which they admitted late payments, return of payments, and forbearance, but they never actually admitted default and a complete inability to continue making mortgage payments. Therefore, the only affidavit on the record which actually explains the Jaffers’ indebtedness is an affidavit by Chase, which may or may not be in compliance with Florida Rule of Civil Procedure 1.510(e), based on the letter filed with the court by Chase.
Due to the possibility that Chase’s affidavits were signed by improper personnel, we remand this case and direct the trial court to limit its considerations to whether the affidavits filed in this case were based on the personal knowledge of the affiants.

Reversed and Remanded.

HAZOURI and LEVINE, JJ., concur.

. In two separately filed affidavits, Mary Cook was referred to in two different positions. In one, she was the assistant secretary, and in the other, she was referred to as vice president.