PER CURIAM.
We affirm the trial court’s denial of appellant’s motion for relief from final judgment on the authority of Phadael v. Deutsche Bank Trust Co. Americas, 83 So.3d 893 (Fla. 4th DCA 2012), which holds that the failure to raise the affirmative defense of lack of standing of the plaintiff in a mortgage foreclosure ease precludes relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b).
In an unsworn motion for relief from judgment, appellant claims that the bank lacked standing when it filed the complaint to foreclose the mortgage, because the mortgage and note were not held by the bank at the time suit was filed. The complaint, however, alleged that the bank was the owner and holder of the note and mortgage. A copy of the mortgage, an assignment which occurred on the date of the complaint was filed, and the original note with an allonge were filed with the court at the time of summary judgment.
While this case differs from Phadael in that the appellant filed a pro se answer to the complaint to foreclose the mortgage, he did not raise the issue of standing as an affirmative defense and did not contest the motion for summary judgment which ended in the judgment of foreclosure. He did not raise the issue in a motion for rehearing from the final judgment. Consistent with Phadael, we hold that appellant cannot raise the issue of standing for the first time months after the final judgment in a motion for relief brought under Rule 1.540(b).
Secondarily, appellant contends that he was at least entitled to an eviden-tiary hearing on the issue of fraud. A movant may be entitled to an evidentiary hearing when a Rule 1.540(b)(3) motion sufficiently specifies the fraud and explains why the fraud would allow the court to set aside the judgment. Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994). Here, the fraud alleged is that the bank did not have standing at the time of filing the complaint. While appellant appears to rely on the record documents, they do not support a claim of fraud. The unsworn allegations of the motion are insufficient to satisfy the appellant’s burden to show fraud with precision. See Freemon v. Deutsche Bank Trust Co. Americas, 46 So.3d 1202, 1204 (Fla. 4th *278 DCA 2010). The trial court did not err in summarily denying appellant’s motion.

Affirmed.

WARNER, DAMOORGIAN and CONNER, JJ., concur.