PER CURIAM.
We reverse the final summary judgment in favor of appellant’s employer in this action for retaliation under the Florida Civil Rights Act of 1992 (“FCRA”).
The appellate court reviews de novo a summary judgment, examining the record in a light most favorable to the non-moving party. Shirey v. State Farm Mut. Auto. Ins. Co., 94 So.3d 619, 620-21 (Fla. 4th DCA 2012). In her complaint, appellant claimed that appellee, her employer, retaliated against her because she reported sexual harassment by her supervisor. To prove retaliation, appellant must show that: 1) she was engaged in a protected activity; 2) she suffered an adverse employment action; and 3) there was causal relationship between the two. Blizzard v. Appliance Direct, Inc., 16 So.3d 922, 926 (Fla. 5th DCA 2009).
It was undisputed that appellant reported allegations of sexual harassment *634 to the employer. Evidence was presented that, after reporting these allegations, she suffered adverse employment action by being written up for various employment matters, as well as ultimately being fired. The real issue was whether there was a causal relationship between the two. In this case, there was circumstantial evidence, at the least, to support a causal relationship, including but not limited to the temporal proximity of the adverse employment actions to the report of the sexual harassment. Further, circumstantial evidence was also presented that the reasons advanced by the employer which were offered to justify the adverse employment action were pretextual. Because there remain material issues of fact, the trial court erred in granting summary judgment.

Reversed.

WARNER, CONNER, JJ., and LEVENSON, JEFFREY R„ Associate Judge, concur.