DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GAFOOR JAFFER** and **NINA JAFFER,**
Appellants,

v.

**CHASE HOME FINANCE, LLC, SUCCESSOR BY MERGER TO CHASE MANHATTAN MORTGAGE CORPORATION,**
Appellee.

No. 4D13-1597

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. 10000449CACE.

Kenneth Ray Noble of Noble Law Firm, P.A., Deerfield Beach, for appellants.

Elliot B. Kula and W. Aaron Daniel of Kula & Samson, LLP, Aventura, for appellee.

PER CURIAM.

On the second appearance of this case before us, Gafoor Jaffer and Nina Jaffer again seek to reverse a final judgment of foreclosure after summary judgment was granted in favor of Chase Home Finance, LLC. We affirm the circuit court's ruling as to all of the contentions of trial court error asserted by the Jaffers, but write to address the contention that the circuit court erred in granting summary judgment on a complaint that failed to state a cause of action.

*Pertinent Facts and Prior Proceedings*

In an amended complaint, Chase sought foreclosure against the Jaffers, alleging that it "is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage." Chase attached to the complaint a copy of both documents. The attached copy of the mortgage note stated it was payable to Aaxa Discount Mortgage, Inc., and contained no indorsements or allonges. After the Jaffers failed to serve an answer or affirmative defenses, a default was

entered against them.

Chase moved for summary judgment. In anticipation of the summary judgment hearing, Chase filed the original mortgage note and mortgage. At the time of filing, the original mortgage note contained two undated indorsements. One indorsement was by Aaxa Discount Mortgage Inc., stating: "Pay to the Order of: Chase Manhattan Mortgage Corporation Without Recourse." The second was a blank indorsement by Chase Manhattan Mortgage Corporation.

The circuit court granted a final summary judgment of foreclosure with a sale date. Subsequently, Chase moved to cancel the foreclosure sale, based on Chase's own admission "that in some cases employees in Chase's mortgage foreclosure operations may have signed affidavits about loan documents . . . without the signer personally having reviewed those loan files." The Jaffers then obtained counsel and filed a motion to vacate the default, set aside summary judgment, and cancel the sale. The circuit court denied the Jaffers' motion.

The Jaffers appealed, arguing that Chase failed to prove standing, there was no admissible evidence as to the alleged indebtedness, and Chase's affidavits in support of summary judgment were inadmissible. This court reversed the summary judgment "[d]ue to the possibility that Chase's affidavits were signed by improper personnel." *See Jaffer v. Chase Home Fin. LLC*, 92 So. 3d 240, 242 (Fla. 4th DCA 2012) ("*Jaffer I*"). On remand, we did not direct the circuit court to vacate the final judgment; instead, we directed the circuit court "to limit its considerations to whether the affidavits filed in the case were based on personal knowledge of the affiants." *Id.*

After remand, Chase moved to vacate the final judgment, contending it was more efficient to start over with a motion for summary judgment. The circuit court granted Chase's motion and vacated the prior final judgment.

Chase then filed its second motion for summary judgment. The Jaffers filed their written response to Chase's renewed motion, arguing several grounds, one of which was that the amended complaint failed to state a cause of action because the copy of the mortgage note attached to the complaint was not indorsed.

At the hearing on the motion for summary judgment, the circuit court ruled that (1) there were no further issues regarding *Jaffer I* because Chase had wiped the slate clean when it vacated the prior final judgment; (2) Chase was the owner and holder of the original note; (3) the default precluded the Jaffers from asserting the affirmative defense of standing;

2

and (4) there were no issues remaining as to the amounts due and owing. Finding no genuine issues of material fact, the circuit court granted summary judgment and entered a final judgment of foreclosure.

The Jaffers appeal. We address their contention that the final judgment should be reversed because the amended complaint failed to state a cause of action.[1]

*Appellate Analysis*

"The standard of review of an order granting summary judgment is de novo." *Fla. Atlantic Univ. Bd. of Trs. v. Lindsey*, 50 So. 3d 1205, 1206 (Fla. 4th DCA 2010) (quoting *Bender v. CareGivers of Am., Inc.*, 42 So. 3d 893, 894 (Fla. 4th DCA 2010)) (internal quotation marks omitted). "When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party." *Allenby & Assocs., Inc. v. Crown St. Vincent Ltd.*, 8 So. 3d 1211, 1213 (Fla. 4th DCA 2009) (quoting *Fini v. Glascoe*, 936 So. 2d 52, 54 (Fla. 4th DCA 2006)). "[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact." *Albelo v. S. Bell*, 682 So. 2d 1126, 1129 (Fla. 4th DCA 1996). "A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985) (citing *Shaffran v. Holness*, 93 So. 2d 94 (Fla. 1957)).

The Jaffers contend the circuit court erred in granting summary judgment because the amended foreclosure complaint failed to state a cause of action. More specifically, they argue the complaint was deficient in stating a cause of action because (1) the copy of the mortgage note attached to the complaint stated the note was payable to Aaxa Discount Mortgage, Inc., (2) the attached copy of the note did not contain any indorsements or allonges demonstrating the note had been transferred to Chase, and (3) the allegations in the body of the complaint failed to allege any facts demonstrating the note had been transferred to Chase. Although the body of the complaint alleged that "Plaintiff is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage," the copy of the unindorsed mortgage note attached to the complaint, which controls if there are inconsistent allegations in the complaint, clearly states the note is payable to someone other than Chase. Thus, the Jaffers argue, the copy of the note attached to the complaint

---

[1] In light of the unusual procedural posture of this case, we will assume, without deciding, that the law of the case doctrine does not bar the Jaffers from raising this issue on appeal.

3

"negated the Plaintiff's cause of action." Additionally, the Jaffers argue that Chase's reliance upon the original mortgage note with indorsements as summary judgment evidence was improper because the complaint was not amended to attach the correct version of the note.[2]

The Jaffers correctly cite case law explaining that

> under the Florida Rules of Civil Procedure, and case law interpreting the rule, exhibits attached to a pleading become a part [of the pleading] for all purposes; and if an attached document *negates* the pleader's cause of action or defense, the plain language of the document will control and may be the basis for a motion to dismiss.

*Health Application Sys., Inc. v. Hartford Life and Accident Ins. Co.*, 381 So. 2d 294, 297 (Fla. 1st DCA 1980) (emphasis added) (citations omitted); *see also Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994). However, "for exhibits to serve as a basis for dismissing a complaint for failure to state a cause of action, the exhibits must actually negate the cause of action—not simply raise possible defenses to it." *Paladin Props. v. Family Inv. Enters.*, 952 So. 2d 560, 564 (Fla. 2d DCA 2007).

Here, we find that the allegations of the complaint were sufficient to state a cause of action for mortgage foreclosure. Moreover, we agree with Chase that the copy of the note attached to the complaint did not *negate* the cause of action; it simply raised a possible standing defense, which is not enough to serve as a basis to dismiss the complaint for failure to state a cause of action.

Even if there were merit to the Jaffers' argument, the substance of the argument is in the nature of an attack on Chase's standing. We have repeatedly held that standing is an affirmative defense and failure to raise it in a responsive pleading generally results in a waiver. *Phadael v. Deutsche Bank Trust Co. Americas*, 83 So. 3d 893, 895 (Fla. 4th DCA 2012); *Glynn v. First Union Nat'l Bank*, 912 So. 2d 357, 358 (Fla. 4th DCA 2005); *Kissman v. Penizzi*, 891 So. 2d 1147, 1150 (Fla. 4th DCA 2005). The Jaffers did not file an answer or affirmative defenses, and a default was entered against them. Having waived the defense of standing, the borrowers cannot contest Chase's standing as of the date suit was filed.

---

[2] The original note and mortgage were filed in 2010 in advance of the hearing on the first motion for summary judgment.

4

Nor can the borrowers simply recast this standing defense as a failure to state a cause of action.

The Jaffers also argue that because the copy of the mortgage note attached to the complaint differed from the original note, a genuine issue of fact remained regarding Chase's right to foreclose. Even if a foreclosure defendant waives the right to challenge the bank's standing as of the date suit was filed, the bank must prove its right to enforce the note as of the time summary judgment is entered. *Beaumont v. Bank of New York Mellon*, 81 So. 3d 553, 555 (Fla. 5th DCA 2012). Here, as noted above, the issue of Chase's standing at the inception of the suit was waived by virtue of the default for failure to plead. Moreover, no genuine issues of material fact were raised by the differences between the original note and the copy attached to the complaint. The filing of the original note several months prior to the summary judgment hearing proved Chase's entitlement to the final judgment of foreclosure. *See Beaulieu v. JPMorgan Chase Bank, Nat'l Assn.*, 80 So. 3d 365, 365 (Fla. 4th DCA 2012) ("Because appellant defaulted, she cannot contest . . . the allegations of the complaint that the appellee was the . . . holder of the note and mortgage. . . . The original note and mortgage were filed in the foreclosure action and entitled appellee to the final judgment of foreclosure it obtained.").

For the above reasons, we find no error by the circuit court in granting a summary judgment of foreclosure.

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.
CONNER, J., concurs in part and dissents in part with an opinion.

CONNER, J., concurring in part and dissenting in part.

I concur with the majority that the circuit court did not err in granting summary judgment, except as to the issue of whether the complaint stated a cause of action and whether failure to state a cause of action precludes summary judgment in this case. In my view, the complaint failed to state a cause of action. Because the defect was raised in a written response opposing the motion for summary judgment and argued to the circuit court, I disagree with the majority that the default for failure to plead against the Jaffers waived the defense.

As a preliminary matter, I emphasize the legal principle stated by the majority concerning the standard of review that "[t]he appellate court reviews *de novo* a summary judgment, examining the record in a light most

5

favorable to the non-moving party." *Louis v. Chrysalis Ctr., Inc.*, 121 So. 3d 633, 633 (Fla. 4th DCA 2013) (citing *Shirey v. State Farm Mut. Auto. Ins. Co.*, 94 So. 3d 619, 620-21 (Fla. 4th DCA 2012)).

*Summary Judgment Must Be Grounded Upon the Pleadings*

"Although no thoroughly satisfactory definition of a cause of action has been laid down by the authorities, it is generally conceded under the modern view that a cause of action is the right which a party has to institute a judicial proceeding." *Bacardi v. Lindzon*, 845 So. 2d 33, 36 (Fla. 2002) (quoting *Shearn v. Orlando Funeral Home, Inc.*, 88 So.2d 591, 593 (Fla. 1956)) (internal quotation marks omitted); *see also Leahy v. Batmasian*, 960 So. 2d 14, 18 (Fla. 4th DCA 2007). A cause of action is initiated by the filing of a complaint. Fla. R. Civ. P. 1.050. To support a judgment granting affirmative relief, the body of the complaint must contain allegations of ultimate facts that give rise to the cause of action. Fla. R. Civ. P. 1.110(b)(2); *Goldschmidt v. Holman*, 571 So. 2d 422, 423 (Fla. 1990) ("Because the complaint failed to set forth any ultimate facts that establish either actual or apparent agency or any other basis for vicarious liability, the [plaintiffs below] did not allege any grounds entitling them to relief.").

"A party seeking affirmative relief may not be granted relief that is not supported by the pleadings." *Contractors Unlimited, Inc. v. Nortrax Equip. Co. Se.*, 833 So. 2d 286, 288 (Fla. 5th DCA 2002) (citation omitted).[3] The only exception to that principle occurs by rule "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fla. R. Civ. P. 1.190(b). Thus, absent an issue not raised in the pleadings being tried by express or implied consent, a summary judgment is reversible if the complaint fails to state a cause of action. *See* Fla. R. Civ. P. 1.510(c); *see also BAC Funding Consortium, Inc. ISAOA/ATIMA v. Jean-Jacques*, 28 So. 3d 936, 937 (Fla. 2d DCA 2010) ("A movant is entitled to summary judgment 'if *the pleadings*, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file *show* that there is no genuine issue as to any material fact and that *the moving party is entitled to a judgment* as a matter of law.'") (emphasis added) (citations omitted) (internal quotation marks omitted).

---

[3] In situations in which the evidence at trial proves a cause of action different from the one pled in the complaint, a motion to amend the pleadings may be made. *See generally Three Palms Assocs. v. U.S. No. 1 Fitness Ctrs. Inc.*, 984 So. 2d 540 (Fla. 4th DCA 2008).

*Failure to State a Cause of Action*

In Florida, the right to foreclose on a mortgage follows the debt. *See WM Speciality Mortg., LLC v. Salomon,* 874 So. 2d 680, 682 (Fla. 4th DCA 2004) (quoting *Johns v. Gillian,* 134 Fla. 575, 184 So. 140, 143 (1938)) ("[A] mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt."). Stated another way, the one entitled to enforce the debt is the one entitled to foreclose on the mortgage.

Section 673.3011, Florida Statutes (2013), defines who may enforce a negotiable instrument and enforce payment of the debt:

> The term "person entitled to enforce" an instrument means:
>
> (1) The *holder of the instrument*;
>
> (2) A *nonholder in possession of the instrument who has the rights of a holder*; or
>
> (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 [enforcement of lost, destroyed, or stolen instruments] or s. 673.4181(4) [payment or acceptance by mistake].
>
> A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

(emphasis added). The last sentence of section 673.3011 makes it clear that *possession* of the instrument is more important than *ownership* of the instrument in terms of having the right to enforce payment on the instrument.[4]

Also relevant to the analysis is section 671.201(21), Florida Statutes (2013), which defines who is considered a holder of a negotiable instrument:

> (21) "Holder" means:
>
> (a) The person *in possession of a negotiable instrument* that is

---

[4] Although not discussed in case law, it appears section 673.3011 significantly narrows the scope of application of Florida Rule of Civil Procedure 1.210(a) (real party in interest) by focusing on who has possession, rather than ownership, of the negotiable instrument at the time suit is filed.

> *payable either to bearer or to an identified person that is the person in possession;*

(emphasis added). Thus, according to Florida statutes, in order to enforce a mortgage note secured by a mortgage, one must be the holder of the note or a nonholder in possession of the note.[5]  *See Taylor v. Deutsche Bank Nat'l Trust Co.,* 44 So. 3d 618, 622 (Fla. 5th DCA 2010).

To establish that Chase is a "person entitled to enforce" the mortgage note, the complaint alleges "Plaintiff is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage."  The first problem is that the allegations regarding entitlement to enforce the mortgage note are ambiguous.  It is unclear whether Chase is "the holder" of the note or "a nonholder in possession of the note who has the rights of a holder."  Overlooking that ambiguity, it appears Chase attempted to allege entitlement to enforce the note under two statutory subsections: subsections 673.3011(1) and (2), Florida Statutes.  Each theory of entitlement to enforce is examined separately.

The Allegation that Chase is Holder

Although Chase alleges it was a holder of the mortgage note when suit was filed, the copy of the mortgage note attached to the complaint negates the allegation.  That is because the copy of the note attached to the complaint shows Aaxa Discount Mortgage, Inc., as the payee, and there is no copy of an indorsement or allonge attached to the complaint showing a transfer of holder status to Chase.  Additionally, there are no allegations of ultimate facts showing a transfer of holder status to Chase.  Although the majority contends a transfer can be inferred from the allegation "Plaintiff is *now* the holder of the Mortgage Note," the inferential leap is not supported by any other statement of facts.  In essence, the allegation is more a conclusory statement than a statement of ultimate fact.[6]

---

[5] This statement assumes the mortgage note was not lost or paid or accepted by mistake, in which case enforcement without possession is allowed under section 673.3011(3), Florida Statutes.

[6] Although Florida Rule of Civil Procedure Form 1.944 provides for the simple allegation "Plaintiff owns and holds the note and mortgage," the paragraph immediately preceding that statement in the form also states that a copy of the note and mortgage are attached.  I submit the drafters of the form contemplated the copy of the note would show the plaintiff as the payee by being the original payee or a payee by indorsement, or the copy of the note would be in bearer form.  In other words, I submit the drafters contemplated that the copy of the note

Exhibits attached to the complaint are controlling, and "where the allegations of the complaint are contradicted by the exhibits, the plain meaning of the exhibits will control." *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994); *see also Geico Gen. Ins. Co., Inc. v. Graci*, 849 So. 2d 1196, 1199 (Fla. 4th DCA 2003) ("When there are conflicts between the allegations [in the complaint] and documents attached as exhibits, the plain language of the documents control.") (citation omitted).

The "plain meaning" of the note attached to the complaint is that Aaxa Discount Mortgage, Inc., is the holder of the note. With the copy of the note attached to the complaint as an exhibit showing no indorsements or allonges, as a matter of law, the complaint does not allege a cause of action with Chase as the holder of the note because the exhibit negates the allegation. *Greenwald v. Triple D Props., Inc.*, 424 So. 2d 185, 187 (Fla. 4th DCA 1983) (affirming dismissal of complaint with prejudice where the clear, unconditional wording of the assignment exhibit attached to the complaint on its face terminated plaintiff's right to foreclose); *Richards v. HSBC Bank USA*, 91 So. 3d 233, 234-35 (Fla. 5th DCA 2012) (reversing a trial court's order granting summary judgment where the copy of the note attached to the complaint showed it was payable to the original payee and contradicted the allegation in the complaint that the bank was the holder of the note and holding that filing the original assignment and allonge transferring note to HSBC did not rectify the inconsistency). Nowhere in the complaint is it alleged the mortgage note, at the time suit was filed, was a bearer note or indorsed note.

Additionally, *Paladin Properties v. Family Investment Enterprises*, 952 So. 2d 560 (Fla. 2d DCA 2007), does not alter the analysis because, here, the attached exhibit clearly negates the allegation that Chase is the holder. *Paladin Properties* would arguably alter the analysis if there were allegations of ultimate facts in the complaint stating the mortgage note was indorsed in a manner to become a bearer instrument or indorsed to make Chase the payee on the mortgage note. There are no such allegations in this case. Thus, the complaint completely fails to allege a cause of action in favor of Chase as the holder of the note.

The Allegation that Chase is Nonholder With the Rights of a Holder

The allegation that "Plaintiff is . . . entitled to enforce the Mortgage Note and Mortgage" is ambiguous, fatally vague, and conclusory. Ambiguous

---

attached would be completely consistent with the allegation that the plaintiff was the holder of the note as defined in section 671.201(21), Florida Statutes.

because it does not identify whether Chase is "the holder" of the note or "a nonholder in possession of the note who has the rights of a holder." Fatally vague because there is no specific allegation of possession of the instrument.[7] Conclusory because there are no ultimate facts pled to show the holder of the note assigned the rights of the holder to Chase.

Regarding the sufficiency of the pleadings in a complaint, it has been written that "while it is not sufficient to allege conclusions alone, 'conclusions are not objectionable if they are supported by sufficient allegations of ultimate facts.'" *Steigman v. Danese*, 502 So. 2d 463, 465 (Fla. 1st DCA 1987) (quoting Trawick, Fla. Prac. and Proc. § 6-6 (1985)); *see also Cady v. Chevy Chase Sav. & Loan, Inc.*, 528 So. 2d 136, 138 (Fla. 4th DCA 1988) ("Certainty is required when pleading . . . , and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient.") (citations omitted). The vague, ambiguous, and conclusory statement that Chase is "entitled to enforce the Mortgage note" is not supported by statements of ultimate facts. If "a complaint is so vague, indefinite and ambiguous as to wholly fail to state a cause of action, it is subject to dismissal." *Frisch v. Kelly*, 137 So. 2d 252, 253 (Fla. 1st DCA 1962). To the extent the body of the complaint attempts to allege Chase is a nonholder in possession of the note with the rights of the holder, the complaint fails because the allegation is so vague, indefinite, ambiguous, and conclusory as to wholly fail to state a cause of action in favor of Chase, with the most fatal flaw being no specific allegation of possession of the note.

Thus, I conclude, as to both contentions (Chase is a holder of the note and Chase is a nonholder with the rights of a holder), that the complaint fails to state a cause of action in favor of Chase. Because possession of the mortgage note is a foundational requirement for entitlement to enforce the note, it is unfathomable why it is frequently the case that a true copy of the mortgage note being enforced is not attached to the complaint.

I also disagree with the majority that Chase's act of filing the original note in the court file corrected the erroneous copy attached to the complaint and saved the day for Chase. The majority relies on *Beaulieu* in support of that contention. The brief opinion in *Beaulieu* does not describe facts or issues on appeal suggesting there was a contention that the complaint failed to state a cause of action. In *Beaulieu*, we said "[b]ecause

---

[7] Because "holder" by definition requires possession of the instrument, possession is assumed when one is a holder. § 671.201(21), Fla. Stat. (2014); *see also* Black's Law Dictionary (9th ed. 2009). In contradistinction, a "nonholder," by definition, does not require possession of the instrument. *See* §§ 673.3011(1) and (2), Fla. Stat. (2014).

appellant defaulted [by failing to plead], she cannot contest, as she tries to do in her post-judgment motion, the allegations of the complaint that the appellee was the owner and holder of the note and mortgage." *Beaulieu,* 80 So. 3d at 365. However, it is unclear from the opinion what Beaulieu contended in her post-judgment motion.

As discussed below, the defense of failure to state a cause of action is waived if not presented prior to or during a trial or summary judgment hearing. *Beaulieu* cited *State Farm Mutual Automobile Ins. Co. v. Horkheimer,* 814 So. 2d 1069, 1072 (Fla. 4th DCA 2001) and *Chemical Residential Mortgage v. Rector,* 742 So. 2d 300 (Fla. 1st DCA 1998), for the contentions that a default admits all well-pled facts and waives any denial of the allegations that the mortgagee plaintiff was the owner and holder of the note. The discussion of facts and issues in both *Horkheimer* and *Rector* does not suggest there was any issue that the underlying complaints failed to state a cause of action. Because the complaint in this case did not state a cause of action, the default against the Jaffers did not admit their liability to Chase for payment on the mortgage note. *Beaulieu* does not support the contention that filing the actual mortgage note to be enforced in the court file after a copy of a different version of the note was attached to the complaint, corrects a pleading deficiency and avoids the need to move to amend the complaint.

As observed by our sister court,

> A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default. It operates as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages. *It does not admit facts not pleaded, not properly pleaded or conclusions of law.* Fair inferences will be made from the pleadings, but forced inferences will not. *The party seeking affirmative relief may not be granted relief that is not supported by the pleadings or by substantive law applicable to the pleadings. A party in default may rely on these limitations.*

*Becerra v. Equity Imps., Inc.,* 551 So. 2d 486, 488 (Fla. 3d DCA 1989) (emphasis added) (citations omitted). Thus, the default against the Jaffers admitted nothing in terms of whether the complaint stated a cause of action.

*Waiver of the Defense*

Failure to state a cause of action is a specific defense recognized by Florida Rules of Civil Procedure 1.140(b) and (h)(2). Pertinent to the effect

of the default entered against them and whether the Jaffers waived the defense by failing to file an answer or affirmative defense, rule 1.140(h) specifically provides in relevant part:

> (1) *A party waives all defenses and objections that the party does not present* either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, *in a responsive pleading* **except as provided in subdivision (h)(2)**.

> (2) The defenses of failure to state a cause of action . . . may be raised . . . *at the trial on the merits in addition to* being raised either in a motion under subdivision (b) or in the answer or reply. . . .

Fla. R. Civ. P. 1.140(h)(2) (emphasis added). If the defense of failure to state a cause of action can be raised at trial when evidence is presented, even if not previously asserted by motion, answer, or affirmative defense, it certainly can be made at a summary judgment hearing where the court determines if the evidence supports a judgment.[8] *See Appel v. Lexington Ins. Co.*, 29 So. 3d 377, 379 (Fla. 5th DCA 2010) (holding that summary judgment was properly denied because the complaint failed to state a cause of action and the defense was raised in opposition to summary judgment after a default was entered against the defendant for failure to plead).

There is no logical reason to allow the defense to be raised when evidence is presented by live testimony, but not allow the defense to be raised when evidence is provided by affidavits or written admissions. Moreover, if the defense can be raised at trial "in addition to being raised either in a motion . . . or in an answer," it would not appear the default entered against the Jaffers for failure to file an answer precluded their ability to raise the defense. The Jaffers properly raised the defense in their written opposition to the motion for summary judgment and argued the defense at the hearing on the motion.

There is a significant body of law from this court that standing must be raised as an affirmative defense or it is waived. *See, e.g., Pacheco v. Indymac Fed. Bank, F.S.B.*, 92 So. 3d 276 (Fla. 4th DCA 2012); *Miller v. Kondaur Capital Corp.*, 91 So. 3d 218 (Fla. 4th DCA 2012); *Phadael v.*

---

[8] We have said that failure to raise the defense of failure to state a cause of action is waived if not raised prior to final judgment, and cannot be raised for the first time in a motion for relief from judgment or on appeal. *Neuteleers v. Patio Homeowners Assoc., Inc.*, 114 So. 3d 299, 301 (Fla. 4th DCA 2013).

*Deutsche Bank Trust Co. Amer.*, 83 So. 3d 893 (Fla. 4th DCA 2012). If standing is defined in its broadest sense, "a sufficient stake in an otherwise justiciable controversy," the legal principle makes sense.[9] However, I am puzzled how the legal principle can apply to standing in the more narrow sense of the real party in interest, meaning "the person in whom rests, by substantive law, the claim sought to be enforced." Author's Comment to Fla. R. Civ. P. 1.210 (1967). It would seem the onus should be on the plaintiff filing the cause of action to show entitlement to bring the action to enforce the claim. The application of the legal principle that standing must be raised by affirmative defense, when the defense is contesting whether the plaintiff has pled the predicate facts to show entitlement to enforce the claim and obtain a judgment, appears to me, quite frankly, unjust.

Section 673.3011 makes it clear that entitlement to enforce a mortgage note depends on *possession* of the note, *not an ownership interest* in the note, and section 671.201(21) makes it clear that one cannot be a holder of the mortgage note unless the note is payable to the entity seeking to enforce or to the bearer.[10] As the Jaffers pointed out in their brief, the portion of the mortgage note that gave Chase a cause of action against the Jaffers was the indorsement, and that portion of the mortgage note was not attached to the complaint, and there was no allegation of ultimate facts that the mortgage note had been indorsed. Thus, I disagree with the majority that the Jaffers' failure to plead standing precluded them from raising a defense of failure to state a cause of action.

Depending on the actual facts, there were two scenarios for Chase to properly plead a cause of action for foreclosure in this case. If it was factually true that Chase was the holder of the note at the time suit was filed, it should have unequivocally pled it was the holder of the mortgage note and then attached a copy of the note properly indorsed to show Chase was the payee or the note was in bearer form. On the other hand, if Chase was a nonholder in possession of the note with the rights of the holder, it

---

[9] The requirement makes sense, for example, if the defendant's contention is that there is an issue of failure to join necessary or indispensable parties. The requirement also makes sense if the contention is capacity or authority of the named plaintiff to represent the interests of the real party in interest, if the real party in interest is not the named plaintiff.

[10] If the note has a named payee (as the initial payee or a payee by indorsement), Florida Rule of Civil Procedure 1.210(a) clearly allows the named plaintiff to be a representative of the named payee, so long as the named plaintiff or the named payee has possession of the note. If the note is in bearer form, rule 1.210(a) allows the named plaintiff to be a representative of the bearer, so long as the named plaintiff or the bearer has possession of the note.

should have unequivocally pled its status as a nonholder in possession with the rights of a holder and ultimate facts specifically alleging (1) it had possession of the mortgage note, and (2) its authority to exercise the rights of the holder, and then attached a copy of the note made payable to the holder or properly indorsed to show the holder was the payee or the note was in bearer form.[11]

The complaint in this case was deficient when filed. Subsequently, when Chase was prepared to file the original mortgage note with the court, it should have filed an amended complaint or sought leave of court to substitute a true copy of the note for the copy attached to the complaint before seeking a summary judgment. It did neither. As a result, Chase sought summary judgment on a complaint that failed to state a cause of action. The Jaffers defended against summary judgment on that basis, and the circuit court improperly granted summary judgment without Chase properly negating the defense. We should reverse.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***

---

[11] Since possession of the mortgage note is a foundational requirement for entitlement to enforce the note, it is hard to understand why plaintiff's counsel is unable to discern, prior to filing suit, whether the plaintiff is the holder of the note or a nonholder in possession with the rights of a holder and why it is necessary to plead alternative theories.