PER CURIAM.
On the second appearance of this case before us, Gafoor Jaffer and Nina Jaffer again seek to reverse a final judgment of foreclosure after summary judgment was granted in favor of Chase Home Finance, LLC. We affirm the circuit court’s ruling as to all of the contentions of trial court error asserted by the Jaffers, but write to address the contention that the circuit court erred in granting summary judgment on a complaint that failed to state a cause of action.

Pertinent Facts and Prior Proceedings

In an amended complaint, Chase sought foreclosure against the Jaffers, alleging that it “is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage.” Chase attached to the complaint a copy of both documents. The attached copy of the mortgage note stated it was payable to Aaxa Discount Mortgage, Inc., and contained no indorsements or allonges. After the Jaffers failed to serve an answer or affirmative defenses, a default was entered against them.
Chase moved for summary judgment. In anticipation of the summary judgment hearing, Chase filed the original mortgage note and mortgage. At the time of filing, the original mortgage note contained two undated indorsements. One indorsement was by Aaxa Discount Mortgage Inc., stating: “Pay to the Order of: Chase Manhattan Mortgage Corporation Without Recourse.” The second was a blank in-dorsement by Chase Manhattan Mortgage Corporation.
The circuit court granted a final summary judgment of foreclosure with a sale date. Subsequently, Chase moved to cancel the foreclosure sale, based on Chase’s own admission “that in some cases employees in Chase’s mortgage foreclosure operations may have signed affidavits about loan documents ... without the signer personally having reviewed those loan files.” The Jaffers then obtained counsel and filed a motion to vacate the default, set aside summary judgment, and cancel the sale. The circuit court denied the Jaffers’ motion.
The Jaffers appealed, arguing that Chase failed to prove standing, thére was no admissible evidence as to the alleged indebtedness, and Chase’s affidavits in support of summary judgment were inadmissible. This court reversed the summary judgment “[d]ue to the possibility that Chase’s affidavits were signed by improper personnel.” See Jaffer v. Chase Home Fin. LLC, 92 So.3d 240, 242 (Fla. 4th DCA 2012) (“Jaffer I”). On remand, we did not direct the circuit court to vacate the final judgment; instead, we directed *1201 the circuit court “to limit its considerations to whether the affidavits filed in the case were based on personal knowledge of the affiants.” Id.
After remand, Chase moved to vacate the final judgment, contending it was more efficient to start over with a motion for summary judgment. The circuit court granted Chase’s motion and vacated the prior final judgment.
Chase then filed its second motion for summary judgment. The Jaffers filed their written response to Chase’s renewed motion, arguing several grounds, one of which was that the amended complaint failed to state a cause of action because the copy of the mortgage note attached to the complaint was not indorsed.
At the hearing on the motion for summary judgment, the circuit court ruled that (1) there were no further issues regarding Jaffer I because Chase had wiped the slate clean when it vacated the prior final judgment; (2) Chase was the owner and holder of the original note; (3) the default precluded the Jaffers from asserting the affirmative defense of standing; and (4) there were no issues remaining as to the amounts due and owing. Finding no genuine issues of material fact, the circuit court granted summary judgment and entered a final judgment of foreclosure.
The Jaffers appeal. We address their contention that the final judgment should be reversed because the amended complaint failed to state a cause of action.[1]

Appellate Analysis

“The standard of review of an order granting summary judgment is de novo.” Fla. Atlantic Univ. Bd. of Trs. v. Lindsey, 50 So.3d 1205, 1206 (Fla. 4th DCA 2010) (quoting Bender v. CareGivers of Am., Inc., 42 So.3d 893, 894 (Fla. 4th DCA 2010)) (internal quotation marks omitted). “When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party.” Allenby & Assocs., Inc. v. Crown St. Vincent Ltd., 8 So.3d 1211, 1213 (Fla. 4th DCA 2009) (quoting Fini v. Glascoe, 936 So.2d 52, 54 (Fla. 4th DCA 2006)). “[Tjhe burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact.” Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996). “A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (citing Shaffran v. Holness, 93 So.2d 94 (Fla.1957)).
The Jaffers contend the circuit court erred in granting summary judgment because the amended foreclosure complaint failed to state a cause of action. More specifically, they argue the complaint was deficient in stating a cause of action because (1) the copy of the mortgage note attached to the complaint stated the note was payable to Aaxa Discount Mortgage, Inc., (2) the attached copy of the note did not contain any indorsements or allonges demonstrating the note had been transferred to Chase, and (3) the allegations in the body of the complaint failed to allege any facts demonstrating the note had been transferred to Chase. Although the body of the complaint alleged that “Plaintiff is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage,” the copy of the unindorsed mortgage note attached to the complaint, which controls if there are inconsistent allegations in the complaint, clearly states the note is payable to *1202 someone other than Chase. Thus, the Jaf-fers argue, the copy of the note attached to the complaint “negated the Plaintiffs cause of action.” Additionally, the Jaffers argue that Chase’s reliance upon the original mortgage note with indorsements as summary judgment evidence was improper because the complaint was not amended to attach the correct version of the note.[2]
The Jaffers correctly cite case law explaining that
under the Florida Rules of Civil Procedure, and case law interpreting the rule, exhibits attached to a pleading become a part [of the pleading] for all purposes; and if an attached document negates the pleader’s cause of action or defense, the plain language of the document will control and may be the basis for a motion to dismiss.
Health Application Sys., Inc. v. Hartford, Life and Accident Ins. Co., 381 So.2d 294, 297 (Fla. 1st DCA 1980) (emphasis added) (citations omitted); see also Ginsberg v. Lennar Florida Holdings, Inc., 645 So.2d 490, 494 (Fla. 3d DCA 1994). However, “for exhibits to serve as a basis for dismissing a complaint for failure to state a cause of action, the exhibits must actually negate the cause of action — not simply raise possible defenses to it.” Paladin Props. v. Family Inv. Enters., 952 So.2d 560, 564 (Fla. 2d DCA 2007).
Here, we find that the allegations of the complaint were sufficient to state a caus'e of action for mortgage foreclosure. Moreover, we agree with Chase that the copy of the note attached to the complaint did not negate the cause of action; it simply raised a possible standing defense, which is not enough to serve as a basis to dismiss the complaint for failure to state a cause of action.
Even if there were merit to the Jaffers’ argument, the substance of the argument is in the nature of an attack on Chase’s standing. We have repeatedly held that standing is an affirmative defense and failure to raise it in a responsive pleading generally results in a waiver. Phadael v. Deutsche Bank Trust Co. Americas, 83 So.3d 893, 895 (Fla. 4th DCA 2012); Glynn v. First Union Nat’l Bank, 912 So.2d 357, 358 (Fla. 4th DCA 2005); Kissman v. Panizzi, 891 So.2d 1147, 1150 (Fla. 4th DCA 2005). The Jaffers did not file an answer or affirmative defenses, and a default was entered against them. Having waived the defense of standing, the borrowers cannot contest Chase’s standing as of the date suit was filed. Nor can the borrowers simply recast this standing defense as a failure to state a cause of action.
The Jaffers also argue that because the copy of the mortgage note attached to the complaint differed from the original note, a genuine issue of fact remained regarding Chase’s right to foreclose. Even if a foreclosure defendant waives the right to challenge the bank’s standing as of the date suit was filed, the bank must prove its right to enforce the note as of the time summary judgment is entered. Beaumont v. Bank of New York Mellon, 81 So.3d 553, 555 (Fla. 5th DCA 2012). Here, as noted above, the issue of Chase’s standing at the inception of the suit was waived by virtue of the default for failure to plead. Moreover, no genuine issues of material fact were raised by the differences between the original note and the copy attached to the complaint. The filing of the original note several months prior to the summary judgment hearing proved Chase’s entitlement to the final judgment of foreclosure. See Beaulieu v. *1203 JPMorgan Chase Bank, Nat’l Assn., 80 So.3d 365, 365 (Fla. 4th DCA 2012) (“Because appellant defaulted, she cannot contest ... the allegations of the complaint that the appellee was the ... holder of the note and mortgage.... The original note and mortgage were filed in the foreclosure action and entitled appellee to the final judgment of foreclosure it obtained.”).
For the above reasons, we find no error by the circuit court in granting a summary judgment of foreclosure.

Affirmed.

LEVINE and KLINGENSMITH, JJ., concur.
CONNER, J., concurs in part and dissents in part with an opinion.

. In light of the unusual procedural posture of this case, we will assume, without deciding, that the law of the case doctrine does not bar the Jaffers from raising this issue on appeal.

. The original note and mortgage were filed in 2010 in advance of the hearing on the first motion for summary judgment.