DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVOS FRANCOIS,**
Appellant,

v.

**VIVE FINANCIAL, LLC,**
Appellee.

No. 4D2025-2088

[March 18, 2026]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Michele McCaul Ricca, Judge; L.T. Case No. COCE22-048202.

Davos Francois, Miramar, pro se.

Landon Morley of Lotane & Associates, P.A., Cocoa, for appellee.

CIKLIN, J.

Appellant, acting pro se, seeks review of an order denying his motion to vacate a default final judgment under Florida Rule of Civil Procedure 1.540(b). Lack of standing cannot be raised for the first time in a rule 1.540 motion. *Phadael v. Deutsche Bank Tr. Co. Ams.*, 83 So. 3d 893, 895 (Fla. 4th DCA 2012). Additionally, "[e]ven where a judgment is entered in favor of a plaintiff that lacks standing, the judgment is merely voidable, not void." *Id.* Accordingly, we affirm.

We write separately to address a troubling issue in appellant's briefing. Multiple authorities cited by appellant in his filings, in both the trial court and this court, do not exist. Courts depend upon the accuracy and candor of citations presented by litigants. The submission of fictitious or fabricated case law—whether the product of carelessness, misunderstanding, or reliance on generative artificial-intelligence tools— is sanctionable. *See Goya v. Hayashida*, 418 So. 3d 652, 656 (Fla. 4th DCA 2025); *Russell v. Mells*, 50 Fla. L. Weekly D2609 (Fla. 2d DCA Dec. 10, 2025) (referring counsel to the Florida Bar for filing imaginary legal authorities in a brief); *Gutierrez v. Gutierrez*, 399 So. 3d 1185, 1188 (Fla. 3d DCA 2024) (sanctioning a pro se litigant for submitting fictitious case

law to the court).

Attorneys and pro se litigants "are responsible for the content of their submissions to the court. Those who use artificial intelligence to assist in these submissions must ensure their accuracy." *Friend v. Serpa*, 425 So. 3d 51, 51 (Fla. 4th DCA 2025) (cautioning the pro se litigant about sanctions for citing "phantom authority").

Appellant is cautioned that future filings containing nonexistent authorities may result in sanctions. Fla. R. App. P. 9.410(a).

Artificial intelligence may assist in research and drafting, but it cannot replace the lawyer's or litigant's duty to ensure that every authority cited is real, accurate, and applicable. The responsibility for what is filed rests with the human author, not the machine.

*Affirmed.*

KUNTZ, C.J., and GROSS, J., concur.

*          *          *

**_Not final until disposition of timely filed motion for rehearing._**